[No. 8. Decided December 3, 1890.]

THE COUNTY OF KING v. GEORGE D. HILL, JOHN LEARY, JOSEPH F. McNAUGHT, GEORGE W. HARRIS, E. P. FERRY, SUTCLIFFE BAXTER, AND G. C. PHINNEY.

FINDINGS OF FACT—SUFFICIENCY.

Upon the trial of an issue of fact by the court, an order of the court reciting that it is its decision "that there is not sufficient evidence to support the allegations of plaintiff's complaint in this action, and that the defendant's allegations are true," is not a sufficient finding of facts, as required by Code Wash. T., §§ 246, 256, where some of the material allegations of the complaint are not denied by the answer, and many of plaintiff's most important allegations are contained in its reply.

*Error to District Court, King County.*

The facts are sufficiently stated in the opinion.

*Ronald & Piles,* and *W. S. Bush,* for plaintiff in error.

*C. H. Hanford, Thomas Burke, Eben Smith* and *Struve, Haines & McMicken,* for defendants in error.

The opinion of the court was delivered by

STILES, J.—This cause involves the examination of the accounts of the appellee Hill, as treasurer of King county, for a considerable period, and was referred by stipulation to a referee, under § 248 of the code, to be tried upon questions of fact and law. The referee reported his findings of fact and conclusions of law in admirable form, together with the testimony and exhibits, and the cause then came before the court upon exceptions to the report filed by both parties. The plaintiff merely objected to the conclusions of law which resulted in a smaller judgment in its favor than it deemed itself entitled to. But the defendants, by their objections, attacked the findings of fact as well, and sought to set aside the entire report and findings, including the testimony. The court after argument overruled the motion of the plaintiff, and at the same time, by an order, sustained certain of the exceptions of the defendants. The language of the order was: "The court sustains each and all of the exceptions" (of the defendants); but farther along it ordered, "that the findings and conclusions of said referee be and the same are set aside," which, we take it, left the testimony intact, inasmuch as the subsequent decision of the court purported to be based on the evidence, for which there was no other resort than the testimony reported. This left the cause before the court for disposition under § 256 of the code, either to again refer or to "find the facts and determine the law itself, and give judgment accordingly." The latter course was chosen, and instantly acted upon, the same order which set aside the referee's report concluding with the following: "And it is the decision of the court that there is not sufficient evidence to support the allegations of the plaintiff's complaint in this action, and that the defendants' allegations are true, and the judgment should be rendered in favor of the defendants for their costs and

disbursements herein." Then followed a judgment for defendants.

The case was brought here upon several grounds, which were disposed of under the order of this court heretofore made striking out appellant's statement. The single ground now to be decided is, whether the court erred in rendering a judgment against the plaintiff without finding the facts and determining the law thereon, appellant maintaining that the order of the court, reciting that it is its decision "that there is not sufficient evidence to support the allegations of the plaintiff's complaint in this action, and that the defendants' allegations are true," is not a finding of facts at all, and that, therefore, there was no trial as required by the statute. With this view we are entirely in accord. The sections of the statute cited, taken together with § 246, are perfectly clear as to the duty of the court in such cases. We are not prepared to say that where the pleadings make clear and simple issues the allegations of the complaint and answer may not be referred to as findings, if the facts are found to be as laid in the one or the other, with the concise statement that the facts in each are true or untrue, as the case may be. But no such thing presents itself here, at least as to the complaint, of which it is said "there is not sufficient evidence to support the allegations." We know as a fact that some of the important allegations of the complaint were not denied by the answer; and many of the most important of the plaintiff's allegations were contained in its reply, wherein certain settlements alleged in the answer to have been made by defendant Hill with the county commissioners, were shown to have been made under a mistake of facts; and these are not touched by the court's decision. From the language the court used, one reading its decision would be unable to say whether it found any particular controverted allegation sustained, and some others not; or whether all but one of the material allegations of the com-

plaint may not have been fully sustained, and one equally material totally unsupported; or whether there was simply a general weakness of proof all along the line. If any fact material to the plaintiff's case was proven, it had a right to have it found, as though the cause had been submitted to a jury upon special issues. There was no waiver of findings. Even were there a statute similar to that providing for the waiver of a jury, mere silence would not constitute a waiver. *Meeker v. Gilbert*, 3 Wash. T. 369.

The judgment is reversed, and the cause remanded to the superior court of King county, to be disposed of under § 256 of the code.

ANDERS, C. J., and SCOTT and DUNBAR, JJ., concur.

HOYT, J., not sitting.