[No. 1472.   Decided December 29, 1894.]

THE WASHINGTON ROCK PLASTER COMPANY, *Respondent*, *v.* AUGUST JOHNSON ET AL., *Appellants*.

WHEELER, OSGOOD & COMPANY, *Respondent*, *v.* AUGUST JOHNSON ET AL., *Appellants*.

MECHANICS' LIENS—FORECLOSURE—INTERVENTION BY OTHER LIEN HOLDERS—SUFFICIENCY OF NOTICE—PARTIES—APPEAL— ERROR NOT RAISED BELOW—REVERSAL OF FINDINGS.

A finding of the superior court in the trial of a cause will not be reversed on appeal unless there is a substantial failure of proof to support it.

A lien notice, which makes reference to a bill of items, setting forth in detail all the materials furnished under the contract for use in a building, together with the reasonable value thereof, no price having been agreed upon, contains a sufficient statement of the terms of the contract.

Where the record title to land is in the name of the husband, and knowledge of the fact that he had a wife is not brought home to a lien claimant, it is not necessary to make her a party to a lien notice, although the claim is against community property.

*Semble*, that where the record title to community land is in the husband alone, the wife is not a necessary party to a lien notice.

In a suit to foreclose a mechanics' lien, it is within the discretion of the court to allow an intervention of other parties for the purpose of enforcing liens upon the same property growing out of contracts of a different nature.

The objection that no finding of facts was made by the court in an action tried by it cannot be urged on appeal, unless there has been a request for a finding, or an objection to the decree for want of one, presented in the court below.

*Appeal from Superior Court, Snohomish County.*

Action by the Washington Rock Plaster Company against August Johnson and wife for foreclosure of a lien for material furnished and labor performed in plastering a building for defendants.

NOTE—Under Laws 1893, p. 38, § 16, the person in whose name the record title to community property stands is the only necessary party to a lien notice.

Action by Wheeler, Osgood & Company, a corporation, against August Johnson for foreclosure of a lien for lumber and other materials furnished by them in the construction of said building. The lien notice of plaintiffs set up the following claim, to-wit: "That the builder's materials as set out in Exhibit B hereto attached and made a part hereof, were furnished, sold and delivered, from time to time, as appears from Exhibit B, on the orders of the said Duff, between the 21st day of December, 1891, and the 25th day of January, 1892, inclusive, and as ordered and needed in the construction of said house by the said Duff. That no price was agreed on for said materials set out in Exhibit B at the time they were ordered and furnished, but the fair and reasonable value thereof at the time furnished was as shown in Exhibit B, and amounted in all to the sum of one hundred and eighty-two and ninety-five one hundreths dollars."

In this action the Bank of Everett, and its assignee, intervened by way of cross-complaint, seeking to foreclose a mortgage on the same premises executed by the defendants, Johnson and wife. The Mitchell Land and Improvement Company also filed a cross-complaint in the action, seeking to foreclose a contract made between it and Johnson and wife for the purchase of the real estate upon which the building in controversy was erected, on the ground of a non-payment of installments due under said contract. Other defendants also answered by cross-complaints setting up liens for labor and material.

The two cases were consolidated for the purposes of trial, and from the decree rendered by the court defendants Johnson and wife appeal.

*Delaney & Gamel* and *Thomas Carroll*, for appellants.

*Hudson & Holt, Miller & Roscoe* and *Black & Edwards*, for respondents.

The opinion of the court was delivered by

Hoyt, J.—This is an appeal from a decree, in a consolidated case, for the foreclosure of certain liens upon the property of the appellants.

The claim of the plaintiff, the Washington Rock Plaster Company, is attacked upon two grounds—one, that the work for which the lien was claimed was not fully completed, the other, that it was unskillfully done, and therefore of less value than contemplated. The proofs upon these questions were not very satisfactory, but were sufficient to sustain the decree, as this court will not reverse a finding of the superior court unless there was a substantial failure of proof to support it.

The lien of the plaintiff, Wheeler, Osgood & Co., is also attacked upon two grounds—one, that the terms and conditions of the contract were not sufficiently set out in the notice, and the other that the husband alone was named as the owner of the property. In our opinion the statement of the contract was sufficient under the rules announced by the decisions of this court, cited by appellants. In the cases so cited the statement of the contract in the lien notice under consideration was in some respects similar to the one in the case at bar, but did not contain, as did this one, any sufficient reference to a bill of items showing in detail all the materials furnished under the contract. The paper title was in the name of the husband, and knowledge of the fact that he had a wife was not so brought home to the plaintiff as to make it necessary that it should name her as one of the owners of the property. Besides, the necessity of making her a party to the lien notice, in any case where the record title is in the husband alone, may well be doubted. The object of the notice is to advise a searcher of the records of the existence of the lien. And as his attention is directed to the record title the claim against it will give full notice. The husband is so far charged with the care and management of the community property that notice to him fully serves the object of the lien notice.

The objection to the decree so far as it relates to the claims of the intervenors is founded upon the contention that, in a suit for the foreclosure of a lien of a mechanic or materialman, it is not within the discretion of a court to allow an intervention for the purpose of enforcing a lien upon the same property growing out of contracts of a different

nature. Some authorities are cited to sustain this contention, but in our opinion they are remotely, if at all, in point. Under our statute, there is no reason why other liens than those of mechanics and materialmen cannot be joined in an action for the foreclosure of such liens, if, in the opinion of the trial court, the convenience and interests of all parties demand such joinder. All the liens relate to the same subject matter, and suits thereon seek a common remedy ; that is, to have the property sold in satisfaction thereof, and bear such relations to each other as to come within the provisions of our statute as to intervention.

Another objection is raised to the entire decree. There was no finding of facts by the court preliminary to its rendition. Our present statute requires a finding of facts in an equity case as well as in one at law tried by the court, but it does not follow that a decree will be reversed on appeal for want of such finding when it is not made to appear by the record that there was any request for a finding, or any objection raised on that account in the court below. To make such irregularity available on appeal a timely request and objection at or before the time of the entry of the decree must be shown. There is nothing in the record tending to show such action in the case at bar. On the contrary there are some recitals in the decree which tend to show that a finding of facts other than therein contained was expressly waived by all parties.

The judgment will be affirmed.

SCOTT and STILES, JJ., concur.

DUNBAR, C. J., concurs in the result.