[No. 1998.   Decided October 21, 1895.]

ALBERT ENGLISH *et al., Respondents,* v. RILDA GRINSTEAD, *Appellant.*

#### FRAUD — FALSE REPRESENTATIONS.

Representations made by the seller of a judgment as to facts in regard to its collectibility from the judgment debtor are not ground for the rescission of the sale for fraud, where she refused to guarantee the same and made it clear that she had no personal knowledge of such facts, but asserted them upon information received from other parties.

*Appeal from Superior Court, Spokane County.*

*Richardson & Williams,* and *Blake & Post,* for appellant:

A mere false assertion of value when no warranty is intended is no ground of relief to a purchaser, because the assertion is a matter of opinion, which does not imply knowledge and in which men may differ; mere

expression of judgment or opinion does not amount to a warranty. Every person reposes at his peril in the opinion of others, when he has equal opportunity to form and exercise his own judgment. 2 Kent, Commentaries (13th ed.) 486; *Homer v. Perkins,* 124 Mass. 431 (26 Am. Rep 677); *Kennedy v. Richardson,* 70 Ind. 524; *Parker v. Moulton,* 114 Mass. 99 (19 Am. Rep. 315); *Ellis v. Andrews,* 56 N. Y. 83 (15 Am. Rep. 379); *Neidfer v. Christian,* 71 Ind 363 (36 Am. Rep. 198); *Columbia Electric Co. v. Dickson,* 49 N. W. 244; *Holbrook v. Connor,* 60 Me. 578 (11 Am. Rep. 212); *Moses v. Katzenberger,* 4 South. 237; *Graffenstein v. Epstein,* 23 Kan. 443 (33 Am. Rep. 171). If the alleged representations were only a repetition of somebody else's statements, known to be such by plaintiffs, then they had no right to rely upon them. *German Saving Inst. v. Jacoby,* 11 S. W. 256.

*L. H. Prather* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—By this action respondents sought to avoid a purchase by them of a certain judgment held by the appellant. The ground upon which this was sought was that respondents had been induced to purchase said judgment by false representations as to it, and as to the condition of the property of the judgment debtor.

Upon the trial, the superior court found the facts to be substantially as contended for by the respondents, and entered a decree as prayed for in the complaint. Such findings of fact were duly excepted to by the appellant, and it is here contended by her that the evidence introduced was not sufficient to warrant the court in finding as it did.

There is little or no dispute as to the law governing

transactions of the kind involved in this controversy, and the question for our decision is mainly one of fact. It has been our duty to examine the proofs contained in the record for the purpose of ascertaining whether the representations made by the appellant at the time she sold the judgment were of material facts which she stated to be true, or were simply of facts which she believed to be true by reason of certain information which she had obtained, which information was at the time made known to the respondents. If the representations were of the first class, both parties agree that the contract of sale could be avoided. On the other hand, if they were of the second class, it is substantially agreed that they furnished no sufficient reason for avoiding the contract of sale.

The proofs show that there were some expressions made use of by the appellant which, if taken alone, would seem to warrant the construction put upon them by the respondents, but when they are construed in connection with other statements made by her at the same time, it seems clear to us that she never at any time intended to represent as an absolute fact anything in connection with the judgment or the property of the corporation which it was against. In every conversation in which she made any statements as to the judgment being good, or as to the condition of the property of the corporation, she made it clear, by direct statement or language equivalent thereto, that she had no personal knowledge as to such facts but asserted them to be true by reason of her belief growing out of information which she had received from other parties. Such statements on her part, when taken in connection with the conceded fact that she expressly refused to in any manner guarantee the judgment, compel us to hold that the representations

made by her were not intended to be more than expressions of opinion as to the value of the judgment. Not only does this appear from the qualifying statements made · by her whenever she represented the judgment to be good, but it further appears from the conduct of the respondents in connection with the purchase. If they had intended to rely upon her representations they would not have been likely to have taken the steps which they did to ascertain for themselves as to the value of the judgment; nor would they. have been likely to have been content with the loose statements as to its being good, when in connection therewith was the positive refusal to in any manner guarantee the same.

The findings of fact as to these representations are, in our opinion, unsupported by the proofs, and for that reason must be set aside. From which it will follow that the judgment and decree must be reversed and the cause remanded with instructions to dismiss it.

DUNBAR, ANDERS and SCOTT, JJ., concur.

GORDON, J., not sitting.