[No. 1833. Decided November 16, 1895.]

ARTHUR REMINGTON, *Receiver, Appellant,* v. JAMES H. PRICE *et al., Respondents.*

APPEAL — ABSENCE OF FINDINGS — OBJECTIONS NOT RAISED BELOW.

An objection that no findings of fact were made by the court cannot be urged on appeal unless there has been a request for a general finding, or an objection for the want of one raised in the court below, a request for particular findings being insufficient.

Appeal from Superior Court, Pierce County—Hon. JOHN C. STALLCUP, Judge. Affirmed.

*Parsons, Corell & Parsons,* for appellant.

*Crowley & Sullivan,* and *Snell & Bedford,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an action by a receiver to obtain possession of certain property in the hands of the sheriff for the purpose of managing and controlling said property, the prayer being for an injunction restraining the sale by said sheriff, the sheriff having possession by virtue of an execution issued on several different judgments which the plaintiff alleged to have been fraudulently and illegally obtained.

We will first notice the purely legal questions involved, the first being a question of practice, viz., an error assigned by the appellant that the court erred in rendering any judgment without finding the facts in issue, upon which the judgment was based. This contention was disposed of adversely to the claim of appellant in *Washington Rock Plaster Co. v. Johnson,* 10 Wash. 445 (39 Pac. 115), where we held that an objection that no finding of facts was made by the

court in an action tried by it cannot be urged on appeal unless there has been a request for a finding, or an objection raised for want of one when presented in the court below. The record in this case does not show that any such objection was interposed. There was, as shown by the record, request for a finding, but it was a request, not for a general finding by the court, but for particular findings suggested by the appellant, and whether the court erred in refusing those particular findings we will notice hereafter.

The next contention is that the judgments were void, under the statute providing for the confession of judgments without action, in that they were not in accordance with §§ 418 and 419 of the Code of Procedure. This question was also decided adversely to appellant's contention in *Puget Sound National Bank v. Levy,* 10 Wash. 499 (39 Pac. 142).

It is contended by the respondents that this action was a collateral attack on judgments rendered by the court having jurisdiction of the persons to the action and of the subject matter, and hence could not be sustained. Without passing upon this question, however, we are satisfied from a thorough examination of the record that these judgments were not successfully attacked upon the merits of the case, and that the findings asked for by the appellant were either immaterial or could not be found from the testimony. At least, we think that the court was justified under the testimony in refusing to find as requested by the appellant. Some of the findings requested were in absolute contradiction to undisputed testimony, and there were others where the testimony was conflicting, and, without especially reviewing the testimony in the case which applies to the different findings of fact asked for by the appellant, we are of the opinion that

the conclusion reached by the trial court was a correct one, and that the cause should have been dismissed.

The judgment will therefore be affirmed.

HOYT, C. J., and SCOTT, GORDON and ANDERS, JJ., concur.