[No. 3133. Decided August 28, 1901.]

C. R. WILSON et al., *Appellants*, v. CITY OF ABERDEEN et al., *Respondents*.

APPEAL—OBJECTIONS NOT URGED BELOW—INSUFFICIENCY OF PLEADINGS.

Objection that the answer filed in an action fails to state a defense thereto cannot be raised for the first time on appeal.

SAME—PRESUMPTIONS IN FAVOR OF JUDGMENT.

A judgment denying a writ of mandate upon proofs offered and submitted by the parties will be presumed as warranted by the facts, when neither the evidence nor the findings of fact are in the record, although the affidavit for the writ may make out a *prima facie* case, to which no complete defense, either by demurrer or answer, may have been interposed.

MANDAMUS—PROCEDURE—FORMATION OF ISSUES OF FACT—DEPEND-
ENCE ON MODE OF TRIAL.

The fact that Bal. Code, § 5760, authorizes the court to order questions of fact in an application for mandamus to be tried before a jury, would not excuse the applicant from replying or demurring to an answer therein until the cause had been assigned for trial by jury, since the same section vests the court with power, in its discretion, to hear and determine such questions without a jury.

FINDINGS OF FACT—FAILURE TO FILE—HARMLESS ERROR.

The failure of the court to file findings of fact and conclusions of law in cases tried without a jury, as required by Bal. Code, § 5029, is not ground for reversal, when no request for such findings, nor objection to the judgment for lack thereof, appears in the record.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge. Affirmed.

*J. A. Hutcheson* and *Greene & Griffiths,* for appellants.

*J. C. Cross,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—This was an application to the superior court of Chehalis county for a writ of mandate to compel the city of Aberdeen, and the mayor and council and certain other officers of said city, to collect, by suit or otherwise, the assessments which were levied upon certain premises abutting on Huron street, between Alder and Washington streets, in said city, for the purpose of paying the cost of improving the street in front of said premises. The affidavit upon which the application was based is elaborate

and circumstantial, and seems to state facts which, if established, would entitle the plaintiffs to the writ demanded, at least as against those officers whose duty it is to collect street assessments. At the time noticed for the hearing of the application, the defendants appeared, and filed written objections to the issuance of the writ, which were partly in the nature of a demurrer, and partly in the nature of an answer. That part of the objections which may be deemed a demurrer alleged (1) that the affidavit on the part of the plaintiffs failed to state facts sufficient to constitute a cause of action against the defendants; and (2) that said affidavit shows that the matters sought to be enforced by said writ have long since been barred by the statute of limitations, both as to the subject matter and as to the right to prosecute or enforce the said matter. The other matters and things set up by the defendants by way of answer would seem, for the most part, to be immaterial, as they neither deny the material allegations of the affidavit, nor allege, except by inference merely, facts constituting a defense. No objection seems to have been taken to the form or substance of the defendants' pleading, and it appears that the trial court either treated the defendants' objections as answers merely, or overruled the demurrers, or disregarded the issues of law raised thereby. These conclusions are based upon the circumstance that there is nothing in the record respecting such issues of law, and upon the statement in defendants' brief, which seems to be supported by the judgment, that testimony was taken and an issue of fact tried. The judgment of the court is as follows:

"This case coming on for hearing on plaintiffs' motion for mandamus against the defendant city, and the same being argued by counsel, and the court being fully advised in the premises, it is ordered that the said motion be and it is hereby, it appearing to the court from the proofs offered

and submitted by the parties that no sufficient reason exists for such writ, it is therefore ordered and adjudged that the application of plaintiffs for a writ of mandamus herein be and the same is denied with costs to the defendants, and for such costs taxed at $17.80 execution may issue."

From this order and judgment denying their application the plaintiffs have appealed to this court.

There is neither a statement of facts nor a bill of exceptions in the record in this proceeding, and we are therefore utterly unable to ascertain what the "proofs" were which were "offered and submitted by the parties" at the trial in the lower court. But the mere absence of the evidence from the record might, perhaps, have been of little or no consequence if the trial court had made findings of fact and conclusions of law, and the same had been embodied in the record on appeal; for if such findings and conclusions had been made, this court could at least have determined whether or not the judgment was warranted thereby. But no such findings or conclusions appear in the record, and it is not even suggested by counsel on either side that any such were made. The record consists of the affidavit for the writ, the "objections" interposed by the city and its legislative officers, and by the ministerial officers of the city, respectively, the order and judgment of the court, and the exception thereto by appellants, the notice of appeal, and the appeal bond, and nothing more.

The appellants contend that the trial court erred (1) in refusing the writ; and (2) in rendering judgment without findings of fact or conclusions of law. The first of these assignments is rather too general and comprehensive to be serviceable to this court in pointing out any particular error relied on for reversal of the judgment, and might properly be disregarded for that reason. If there were no errors in the proceedings antecedent to the judgment, it necessarily follows that it was not error to deny the writ.

It is just those errors which occur in the course of the
trial, and before judgment, which both the statute and the
rules of this court require the appellant to clearly set forth
in his brief. This the learned counsel for appellants have
done, in a measure, not by the general assignment of error
above set out and considered, but by way of argument upon
points made in their brief. It is claimed by counsel that
the respondents' so-called objections to appellants' affidavit,
whether considered as demurrers or answers, fail to state
a defense to the cause of action set out in said affidavit.
But if that be true,—and it must be conceded that there is
some ground for the assertion,—the objection here made
should have been interposed in the lower court at or before
the trial. So far as the alleged demurrers are concerned,
the appellants have no cause for complaint, for the ruling
of the court upon them, whatever it may have been, was
not favorable to the respondents. The appellants should
have demurred to the alleged answers, if they considered
them, as they now do, insufficient in substance; but this,
it seems, they did not do, and they cannot be permitted to
raise such objection for the first time in this court. Section
5761 of Bal. Code, provides that "on the trial the appli-
cant [for a writ of mandate] is not precluded by the answer
from any valid objections to its sufficiency, and may coun-
tervail it by proof, either in direct denial or by way of
avoidance;" and § 5775 provides that, except as otherwise
provided, the provisions of the Code of Procedure con-
cerning civil actions are applicable to, and constitute, the
rules of practice in mandamus proceedings. As we have
seen, it does not appear that appellants objected to the suffi-
ciency of the answers of the respective respondents, or
rather classes of respondents, by demurrer, as contem-
plated by the statute, but it does appear, inferentially, at
least, from the judgment appealed from, that they were

content to countervail the answers by proof, "either in direct denial or by way of avoidance," and that the court was satisfied "from the proofs offered and *submitted by the parties,*" that no reason existed for a writ of mandate, and the application was therefore denied. Why the court concluded that no reason existed for the writ we are not advised; but, inasmuch as the evidence upon which the judgment was based is not before us, we must presume that the judgment was warranted by the facts.

It is insisted, however, that, under § 5760, Bal. Code, an applicant for a writ of mandate is not affected by, nor required to respond to, an answer or return, unless the court assigns the cause for trial by jury upon an answer which "raises a question as to a matter of fact essential to the determination of the motion, and affecting the substantial rights of the parties, and upon the supposed truth of the allegation of which the application for the writ is based." But under that section (5760) the court is not bound to submit an issue of fact to a jury. The court may "in its discretion" order a trial of a question of fact raised by the answer before a jury, or may itself try such question. In this case the questions of fact were tried by the court, and, for aught that appears in the record, with the consent of all parties; and if the answers tendered no such issues of fact as the statute contemplates the objection, upon that ground, as we have already intimated, ought to have been interposed in the trial court, where such defects, if any existed, might have been remedied.

We come now to the consideration of the appellants' contention that the judgment must be reversed because of the failure of the trial court to make findings of fact and conclusions of law. Our statute provides that "upon the trial of an issue of fact by the court, its decisions shall be given in writing and filed with the clerk. In giving the

decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly." Bal. Code, § 5029; 2 Hill's Code, § 379. This provision of the Code is in form mandatory, and this court has several times held, in effect, that in actions at law tried by the court without a jury, findings of fact and conclusions of law are necessary to support the judgment. See *Bard v. Kleeb,* 1 Wash. 370 (25 Pac. 467); *Kilroy v. Mitchell,* 2 Wash. 407 (26 Pac. 865); *King County v. Hill,* 1 Wash. 404 (25 Pac. 451); *Sadler v. Niesz,* 5 Wash. 182 (31 Pac. 630, 1030); *Potwin v. Blasher,* 9 Wash. 460 (37 Pac. 712). But in more recent cases it has been decided that a judgment will not be reversed on appeal for want of findings of fact and conclusions of law, where it is not made to appear by the record that there was any request for such findings and conclusions, or any objection raised upon that account. *Washington Rock Plaster Co. v. Johnson,* 10 Wash. 445 (39 Pac. 115); *Remington v. Price,* 13 Wash. 76 (42 Pac. 527). No requests for findings, or objections to the judgment for lack of findings, appear in this record, and it therefore follows, according to the decisions last above cited, that the judgment will not be reversed on account of the misprision of the court in that regard.

It may not be improper to say, in conclusion, that we regret our inability to pass upon the real merits of this cause, for it is difficult to free our minds from the impression produced by respondents' answers that the case may have been tried and determined upon issues which this court would have deemed immaterial; but owing to the imperfect condition of the record, as we find it, we are unable to say that the judgment was wrong, and it must therefore be affirmed.

REAVIS, C. J., and FULLERTON and DUNBAR, JJ., concur.