# CASES

# SUPREME COURT

# WASHINGTON.

[No. 5581. Decided September 6, 1905.]

## CHARLES J. SLAYTON, *Appellant,* v. D. W. FELT, *Respondent.*[1]

APPEAL AND ERROR—PRESERVATION OF GROUNDS—FINDINGS—NECESSITY—REQUEST FOR. In an action at law tried by the court without a jury, in order to assign error on the failure of the court to make any findings of fact, the appellant must, after his requested findings have been refused, request the court to make such findings as it may determine to be proper.

Appeal from a judgment of the superior court for King county, Morris, J., entered December 24, 1904, in favor of the defendant, after a trial before the court without a jury, dismissing on the merits an action to recover a broker's commission. Affirmed.

*Saulsberry & Stuart,* for appellant.

*Byers & Byers,* for respondent.

CROW, J.—This action was commenced by appellant, Charles J. Slayton, against respondent, D. W. Felt, to recover a broker's commission on the sale of real estate in the city of Seattle. Upon the trial before the court without a jury, appellant presented findings of fact in his favor, which the court declined to make. Judgment was entered dismissing the action. Said judgment contained the fol-

[1] Reported in 82 Pac. 173.

lowing recital: "The court, having heard the testimony and
the arguments of counsel, and being fully advised, finds the
issues in favor of the defendant, and that said action should
be dismissed." No findings of fact or conclusions of law were
signed by the court, or filed with the clerk. Appellant ex-
cepted to the judgment, after its entry, for the reasons:
(1) That said judgment was not supported by the evidence;
(2) that the court had failed and refused to make findings
of fact and conclusions of law, separately stated; (3) that
the court had refused to make findings of fact as requested
by appellant. A motion for a new trial made on the same
grounds being overruled, this appeal has been taken.

(1) It is contended by appellant that the court erred
in entering judgment of dismissal for the reason that such
judgment was not warranted by the evidence, and was con-
trary to the law. As we understand it, this contention in-
volves the proposition that, upon the evidence admitted, find-
ings of fact should have been made in appellant's favor.
Upon the issues formed by the pleadings, and as ultimately
tried by the court, but one question of fact arose. Did ap-
pellant find a purchaser for the real estate in question, and
was he the efficient cause in procuring and bringing about
the sale? Upon this issue, there was a considerable con-
flict of evidence. The record contains a copy of the findings
requested by appellant. The refusal of the court to sign
the same clearly shows that, in weighing the evidence, it
found against appellant upon this issue. We have carefully
examined the evidence, and are unable to find that the court
was not warranted in refusing to make the findings requested.
Although no affirmative findings of fact were filed, the court
must have concluded from all the evidence that appellant
was not the efficient and procuring cause in making said
sale.

(2) Appellant also contends that the trial court erred in
failing to make findings of fact and conclusions of law,
separately stated, or at all, and asks that the judgment be

reversed by reason thereof. Appellant urges that under Bal.
Code, § 5029, it was the duty of the trial court to make
findings of fact and conclusions of law, separately stated.
Respondent contends that, as the final judgment was one
of dismissal, findings of fact were unnecessary, citing,
*Thorne v. Joy,* 15 Wash. 83, 45 Pac. 642, and *Noyes v.
King County,* 18 Wash. 417, 51 Pac. 1052. Both of said
cases were actions in equity. This court has heretofore an-
nounced the rule that findings of fact and conclusions of
law are not necessary in equitable actions, but we are not
aware of any such announcement being made as to actions
at law. We see no reason why findings of fact and con-
clusions of law are not just as essential, if properly requested,
in an action at law when the same is dismissed, as where
an affirmative judgment is entered. This being an action
at law, the cases cited by respondent do not sustain his
contention. The question then arises whether the action of
the trial court in failing to make findings of fact and con-
clusions of law amounted to such prejudicial error as would
entitle appellant to a reversal. In *Wilson v. Aberdeen,* 25
Wash. 614, 66 Pac. 95, this court said:

"We come now to the consideration of the appellants' con-
tention that the judgment must be reversed because of the
failure of the trial court to make findings of fact and con-
clusions of law. Our statute provides that 'upon the trial
of an issue of fact by the court, its decisions shall be given
in writing and filed with the clerk. In giving the decision,
the facts found and the conclusions of law shall be separately
stated. Judgment upon the decision shall be entered ac-
cordingly.' Bal. Code, § 5029; 2 Hill's Code, § 379. This
provision of the code is in form mandatory, and this court
has several times held, in effect, that in actions at law tried
by the court without a jury, findings of fact and conclusions
of law are necessary to support the judgment. See, *Bard
v. Kleeb,* 1 Wash. 370, 25 Pac. 467; *Kilroy v. Mitchell,*
2 Wash. 407, 26 Pac. 865; *King County v. Hill,* 1 Wash.
404, 25 Pac. 451; *Sadler v. Niesz,* 5 Wash. 182, 31 Pac.
630, 1030; *Potwin v. Blasher,* 9 Wash. 460, 37 Pac. 712.

But in more recent cases it has been decided that a judgment will not be reversed on appeal for want of findings of fact and conclusions of law, where it is not made to appear by the record that there was any request for such findings and conclusions, or any objection raised upon that account. *Washington Rock Plaster Co. v. Johnson,* 10 Wash. 445, 39 Pac. 115; *Remington v. Price,* 13 Wash. 76, 42 Pac. 527."

It is true that appellant did request the trial court to make findings of fact in favor of himself, upon the issues raised by the pleadings, the same being claimed by him to be warranted by the evidence admitted. The court, not thinking the evidence warranted such findings, refused to sign the same. It does not appear, however, that appellant at any time requested the court to make such findings of fact and conclusions of law as it might determine to be proper or warranted by the evidence. We think this request should have been made, before appellant would be entitled to base a successful assignment of error upon the refusal of the court to make any findings whatever. The findings requested by appellant are shown in the record, and afford him an opportunity, of which he has availed himself, to assign error upon the refusal of the trial court to make the same. He has been deprived of no legal or valuable right in that direction. This court in *Bard v. Kleeb,* 1 Wash. 370, 25 Pac. 467, 27 Pac. 273, construing said Bal. Code, § 5029, there mentioned as § 246, said:

"As we regard it, § 246 is for the protection of court and parties. To the court it gives an opportunity to place upon record its view of the facts and the law in definite written form, sufficiently at large that there may be no mistake. To parties it furnishes the means of having their causes reviewed, in many instances, without great expense."

The only privilege of which the appellant has been deprived, if any, has been to bring an appeal to this court without a statement of facts based upon such findings as the court would have signed if requested, but which, necessarily, would have been against appellant upon the issues

joined. Such an appeal could not have benefited appellant in any manner whatever. In view of this fact, and, also, the further fact that appellant failed to request the court to make findings in accordance with its view of the evidence, we think no error prejudicial to appellant has been committed. In an action at law, either party has the right to request a trial court to make such findings of fact as it may deem proper, upon all the issues involved, or upon any particular issue, which such party may deem material or important, and such findings should then be made. A mere request, however, to make certain findings in favor of such party only, is not in itself sufficient. Of course, it is the proper and correct practice for a party to request findings in his own favor, to which he may think himself entitled, so that he may make proper exceptions to their refusal. But such findings in his favor having been refused and excepted to, he must, if he desires to assign error on a failure to make any findings or conclusions whatever, also request the court to make such findings as it thinks the evidence warrants. This was not done by appellant in this action.

We find no prejudicial error in the record. The judgment is affirmed.

Mount, C. J., Root, and Hadley, JJ., concur.

Fullerton and Dunbar, JJ., concur in the result.

Rudkin, J.—I concur in the result, but do not think that findings are necessary where no affirmative relief is granted.