[No. 7527.   Decided April 13, 1909.]

A. SCHLOSSMACHER, *Appellant*, v. BEACON PLACE COMPANY AND TERRY HEIRS, *Respondents*.[1]

APPEAL—REVIEW—FINDINGS OF FACT—NECESSITY.   Findings of fact are not essential to support a decree in an equity case.

SAME—PRESERVATION OF GROUNDS.   Error cannot be predicated upon failure to make findings and conclusions where no request therefor was made or objections interposed.

ADVERSE POSSESSION—INCORRECT DEED—COLOR OF TITLE AND CLAIM OF RIGHT.   A deed incorrectly describing a tract constitutes color of title, and the grantees acquire title by adverse possession under claim of right, where they took possession of the land intended to be conveyed, and adversely held for fourteen years under the belief that they were in actual possession of property conveyed by the deed.

ESTOPPEL—ADVERSE POSSESSION—ACCEPTING REPAYMENT OF TAX. One claiming title to land by adverse possession, who by mistake paid a tax on adjoining land of the adverse claimant, is not estopped from asserting claim to the land in his possession by accepting repayment of the tax on the adjoining land.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 17, 1908, upon findings awarding damages to one of two claimants of property, after a trial of issues raised in interpleader in condemnation proceedings.   Affirmed.

*Charles E. Patterson* and *Charles R. Crouch*, for appellant.

*Leander T. Turner* (*Sanford C. Rose*, of counsel), for respondent Beacon Place Company.

MORRIS, J.—In the proceeding to widen Dearborn street, in the city of Seattle, a piece of ground, 11.34 feet wide by 120 feet deep, was condemned, and its value was fixed by the jury at the sum of $2,160.   This piece of ground was claimed by A. Schlossmacher, the heirs of Chas. C. Terry, and the Beacon Place Company, a corporation; whereupon the court made its order directing the above parties to inter-

[1]Reported in 100 Pac. 1013.

plead in order to determine who was the rightful owner of the property and entitled to the award. Upon such interpleader, issues were duly made, a trial was had, and the court entered its decree awarding the damages for the taking to the Beacon Place Company as the rightful owner of the property; from which judgment Schlossmacher appeals.

The first error assigned is that the court failed to make findings of fact and conclusions of law. If this is an equitable action or proceeding, it has long been the established rule in this court that findings of fact and conclusions of law are not necessary in equitable actions. If it be regarded as the trial of an issue of fact by the court, the record discloses no request for findings, and this court has uniformly held that a judgment will not be reversed on appeal for want of findings of fact and conclusions of law, where the record fails to show a request for such findings and conclusions, or any objection raised in the court below because of such failure. *Washington Rock Plaster Co. v. Johnson*, 10 Wash. 445, 39 Pac. 115; *Remington v. Price*, 13 Wash. 76, 42 Pac. 527; *Slayton v. Felt*, 40 Wash. 1, 82 Pac. 173. There is, therefore, no merit in this assignment.

The remaining assignments are based upon the judgment in holding the Beacon Place Company to be the owner of the land in dispute. A better understanding of the facts involved herein will be had by reference to the following diagram:

The tract of land in dispute is marked B B D D. Schlossmacher claims under a tax deed from the county treasurer, dated Dec. 2, 1902, in which the land conveyed is described as,

"Beginning 66 feet south, 710 east, from southeast corner, block 52, of Maynard's Plat; thence north 11.34 feet; thence east 120 feet; thence south 11.34 feet; thence west 120 feet, to beginning;"

the initial point being B, on the east line of Tenth avenue south. This description calls for the tract marked E E B B, a strip immediately north of the tract in controversy. The grantor of the Beacon Place Company was one Nelson, by

deed dated March 8, 1905, in which the land conveyed is described as,

"Commencing at the southwest corner of lot No. one, as shown on the Plat of Beacon Place; thence running east along the south line of said lot No. one, 73 feet more or less, to the Northwest corner of lot No. 13 on said plat; thence turning and running south to a point 139 feet north of the south boundary line of the tract of land conveyed by D. S. Maynard and wife to Chas. C. Terry, 50 feet more or less; thence turning and running west 120 feet; thence turning and running north to the south line of Dearborn street extended, 50 feet more or less; thence turning and running east 48 feet more or less to the point of beginning."

The initial point of this description is the point F, and the tract in dispute, B B D D, is included therein as the north 11.34 feet of said description. The grantor of Nelson was one Allen, by deed dated July 14, 1890; Allen being the grantee in a deed from one Turner, dated Nov. 6, 1883, in both of which deeds the property conveyed is described as,

"Commencing at a point on the south line of the tract of land conveyed by D. S. Maynard and wife to Chas. C. Terry by deed of date July 11, 1857, and recorded in Book B on page 146 of the records of King county, W. T., which point is 255 feet south of and 710 east of the southwest corner of block 52 of D. S. Maynard's Plat of town (now city) of Seattle, and running thence north 139 feet to place of beginning; thence east 120; thence north 50 feet; thence west 120 feet; thence south 50 feet to place of beginning, containing 50 by 120 feet of ground."

The land thus described is the tract D D D D. This south line of the tract of land conveyed by Maynard to Terry, described as 255 feet south of the southeast corner of block 52 of Maynard's Plat, was in fact 266 feet south of the southeast corner of block 52; Dearborn street being 66 feet wide, and the Terry tract 200 feet long. All of the parties to these various deeds were evidently under the impression that the Terry tract was in fact only 189 feet long, as Terry conveyed 189 feet to Turner, and Turner conveyed the same

description to Nelson.   Nelson, however, believing the north line of his 50 feet was the south line of Dearborn street and Dearborn street extended, took possession of the tract B B C C, and from July 14, 1890, to March 8, 1905, when he sold to the Beacon Place Company, nearly fifteen years, he held possession, claiming under his deed.   At the time Nelson took possession there was a bulkhead on the north line of the tract, on a line with the south line of Dearborn street and running 50 feet south on Tenth avenue, the line of this bulkhead being the line B B, east and west, and the line B C north and south, these bulkheads being replaced from time to time during his occupancy as needed.   The property was also improved by terracing down to these bulkheads.

Prior to the occupancy of Nelson, a house had been erected upon the lot, and also a woodshed which, as described by Mrs. Nelson, was built "on the north edge of the lot" and "run up the south line of Dearborn street."   During the years of this occupancy, Nelson and his wife paid the taxes upon the property.

It is apparent that the land taken possession of by Allen was the land he intended to convey to Nelson, and that Nelson intended to purchase; and which, after being held in open, notorious, continuous, and adverse possession for fourteen years, was conveyed to the Beacon Place Company.   As between Allen and Nelson, the construction given to the deed would have been controlling.

"The contemporaneous construction by vendor and vendee evidenced by giving of possession will fix the true meaning and intent of the parties." *Town of Como v. Pointer*, 87 Miss. 712, 40 South. 260.

It is, however, urged by appellant that the Nelsons did not hold under "Color of title and claim of right."   Their possession under the Allen deed, the construction and intent placed upon that deed as to the property thereby conveyed, their possession under the belief that they were actually in possession of the property conveyed, and their intention to

so hold, would be a holding under a color of title. In the case of *Flint v. Long*, 12 Wash. 342, 41 Pac. 49, this court in speaking of "color of title" in this connection, says:

"All that is necessary to be shown is that there was a proof of colorable title under which the entry or claim has been made in good faith."

There can be no question but that the entry and claim of Nelson was made in good faith. On cross-examination Mrs. Nelson testified as follows:

"Q. Where was your north line? A. It was right on a line with Dearborn street. Q. When you went there, your idea was to take possession, of course? A. Certainly. Q. Of just what your deed called for? A. Just that. Q. You had no intention of taking possession of any more property than you were entitled to under your deed? A. No, sir."

Appellant urges that this testimony shows the possession of the Nelsons was not under a claim of right, and cites *Wilcox v. Smith*, 38 Wash. 585, 80 Pac. 803. The rule announced in that case is:

"If a party only claims to a given line, and makes no claim as to where such line is located, his adverse possession is limited to such line wherever the same may be established."

That case is not controlling here, for the reason that the testimony shows that the Nelsons *did make a claim* to their true north line as the south line of Dearborn street, and that for over fourteen years they openly and notoriously claimed this line by the maintenance of the bulkhead as their true north line. The rule applicable to the facts in this case is as held in *Bowers v. Ledgerwood*, 25 Wash. 14, 64 Pac. 936, adopting the doctrine of *Caufield v. Clark*, 17 Ore. 473, 21 Pac. 443, 11 Am. St. 845: "If one by mistake inclose the land of another, and claim it as his own, his actual possession will work a disseizure." The Nelsons may have been mistaken in regarding the south line of Dearborn street as their true north line, but they did so regard it; not under any theory of an intention to hold only to the true line, as it

38—52 WASH.

might be subsequently ascertained, as in *Wilcox v. Smith*, *supra*, but under the belief that their deed called for such line as the true boundary line, and a manifest intention on their part to so regard it and hold it as against all the world.

One other assignment of error is made, based upon the fact that on July 25, 1905, Schlossmacher paid to the Beacon Place Company $2.31, which the latter had paid as taxes upon the tract covered by Schlossmacher's deed. This, appellant claims, operates as an estoppel against respondent's claim to the awards of the jury in the condemnation action. Respondent's brief answers this assignment so tersely we adopt its language as our own: "If appellant's deed covers the land in controversy, appellant needs no doctrine of estoppel to protect him. If it does not, there is no reason why Beacon Place Company should not accept repayment of taxes erroneously paid by that company upon the land described in appellant's deed. Beacon Place Company had already paid the taxes upon the land in controversy, and were not interested in paying taxes upon other land not claimed by them."

Finding no error, the judgment is affirmed.

PARKER, GOSE, FULLERTON, DUNBAR, CROW, MOUNT, and CHADWICK, JJ., concur.