[No. 9008. Department One. November 25, 1910.]

AUGUSTE JANKOWSKY, *Respondent,* v. RUTH W. SLADE, *Appellant.*[1]

FRAUD—DAMAGES—SALES—REPRESENTATIONS. Damages for fraud in the sale of furniture and a monthly tenancy of a lodging house are recoverable where the sale was induced by false representations to the effect that the vendor had positive information that the landlord was in Alaska and the lease could be continued for two years, and the purchaser was, in about two months, compelled to vacate the location, which was the principal consideration for the sale.

Appeal from a judgment of the superior court for King county, Main, J., entered February 5, 1910, in favor of the plaintiffs, after a trial on the merits, in an action on contract. Affirmed.

*R. E. Thompson, Jr.,* for appellant.

*Fred H. Peterson* and *Philip D. Macbride,* for respondent.

PARKER, J.—This controversy was commenced by the defendant, attempting to foreclose, by notice and sale, a chattel mortgage upon certain rooming house furniture belonging to the plaintiff. Thereupon the plaintiff commenced this action resulting in the foreclosure proceedings being transferred to the superior court under Rem. & Bal. Code, § 1110. The mortgage was given by the plaintiff to secure the sum of $110, balance of the purchase price of the furniture sold by the defendant to the plaintiff. The plaintiff seeks to recover $410 damages alleged to have resulted to her from false representations made in connection with the sale by the defendant, to have such damages offset against the balance of the purchase price secured by the mortgage, and to have judgment for the excess. A trial resulted in the court's denying the foreclosure of the mortgage, and rendering judgment against the defendant in the plaintiff's favor in the sum of $200. The defendant has appealed.

[1]Reported in 111 Pac. 773.

There were no findings made by the court, and none requested to be made by counsel for either side. A careful reading of the evidence convinces us that there was evidence sufficient to warrant the court in believing that the following facts were established: Prior to, and at the time of, the sale of the furniture, appellant was owner thereof, and using it in conducting a rooming house in Seattle, occupying the house under a month to month tenancy. The furniture, including the business and location, was sold by appellant to respondent for the sum of $510, in April, 1909, $400 of the purchase price being paid in cash, and the balance of $110 secured by the mortgage upon the furniture. The respondent thereupon went into possession of the furniture and the rooming house with a view to continuing the business there. The furniture was of comparatively small value, being worth not over $200. The securing of the location for continuing the business was the principal cause inducing respondent to make the purchase, this being well-known to appellant. The representations made by appellant to respondent, touching the probability of her being permitted to remain there as a tenant of the building, thus enabling her to continue the business, is the principal subject of controversy.

At the time of the sale, appellant stated to respondent, in substance, that respondent could get a lease of the place for two or three years; that the agent for the building was a Mr. Russell, in Seattle, but that he had no other authority than merely to collect the rent; that there was no use to go and see him except only to pay the rent; that the landlord was away in Alaska; that appellant was certain that if respondent would purchase the furniture she could remain there as a tenant as long as the house remained there, which would be not less than two years, probably three years; that appellant had positive information from the landlord that the building would remain there at least two years, and would not be torn down; and that during the period that the building was there the landlord would permit her to continue the business there.

The landlord was not away in Alaska, and had not made any such statements to appellant, which was well-known to appellant at the time she made the representations to respondent. Respondent relied upon these representations, and was thereby induced to buy the furniture and thus acquire the location for the business, paying $510 therefor, while the furniture, aside from its connection with the prospective tenancy of the building, was worth not over $200. Respondent was compelled by the landlord to vacate the building about two months later.

In addition to the contention of learned counsel for appellant that the evidence does not establish the facts as above related, which need not be further noticed, it is further contended that the representations, even if false, "would only be a representation of somebody else's statements, known to be such by the plaintiff, and she had no right to rely upon them." We think the representations amounted to more than this. If appellant had merely told respondent what the landlord had said about allowing the house to remain and the tenancy to continue, and nothing more, there might be some merit in counsel's contention. Appellant did not stop there, but took particular pains to say to respondent that she was certain appellant could remain there for two years or more; and then, evidently for the very purpose of inducing respondent to make no further inquiry, appellant informed respondent that the landlord was away in Alaska and there was no use of seeing the agent as he had no authority other than to collect the rent. We think this presents a different question from those decided in *English v. Grinstead*, 12 Wash. 670, 42 Pac. 121, and *Walsh v. Bushell*, 26 Wash. 576, 67 Pac. 216, cited by appellant's counsel.

It is pointed out that respondent knew that the tenancy was only from month to month, and could be terminated by the landlord at the end of any month. In other words, that, even if the representation had been made by the landlord direct

to the respondent, she would not have an enforcible contract for a lease for any such period as it was contemplated that the business could be continued there. Of course, specific performance of such a contract, it not being in writing, could not be enforced; but that would not prevent the recovery of such part of the consideration as might have been paid by respondent for such oral assurance that she could occupy the premises for that period. If real property is purchased under an oral contract of sale, the purchase price being partly or wholly paid, and nothing further done, the fact that in law specific performance of the conveyance can not be enforced does not mean that the vendor can keep both the money paid upon the purchase price and the property. In this case we think the evidence clearly indicates that the parties contemplated that, beyond the fair value of the furniture, the purchase price was paid with a view to securing the location. Appellant assured respondent that she would, by the purchase, secure the location for at least two years. This was not secured; so, beyond the fair value of the furniture, which was not to exceed $200, respondent received nothing save the privilege of occupying the house about two months as a tenant, evidently at the usual rent. It seems to us that the learned trial court was not in error in holding that respondent was damaged in the amount of the judgment rendered in her favor, and that appellant is legally liable therefor.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.