[No. 21471. Department Two. November 15, 1928.]

HERMAN H. JULIEN *et al., Respondents,* v. JOHN W. HERREN *et al., Appellants.*[1]

*Attwood A. Kirby,* for appellants.

*W. U. Park* and *Morris & Dubuar,* for respondents.

MAIN, J.—The plaintiffs brought this action to quiet title to a strip of ground, one hundred and ten feet long and approximately three feet wide. The defendants denied the claim of the plaintiffs, and by cross-complaint sought to quiet title to the disputed strip in themselves. The trial was to the court, without a jury, and resulted in findings of fact and conclusions of law sustaining the contention of the plaintiffs. From the judgment entered in accordance with the findings and conclusions, the defendants appeal.

[1] Reported in 271 Pac. 891.

574

For convenience of expression, the appellants, John W. Herren and Stella E. Herren, his wife, will be referred to as though they were the only parties on that side of the controversy.

Tracts 8 and 9 in William Crawford's Tracts to the city of Seattle are at the northeast corner of Third avenue west and Forty-first street. Each of these tracts is one hundred and thirty feet long, east and west, and fifty-five feet wide. They are located on a moderate hillside sloping to the west. In 1911 Mrs. Grace A. Johnstone, the then owner of the property, constructed a house on the east end thereof facing the south. This house occupied a part of the east end of both lots. Two or three feet to the west of the house, was constructed a bulkhead or retaining wall, three or four feet high, of heavy granite stone blocks set in cement. This bulkhead extended from the south line of tract 9, which bordered on Forty-first street, north for a distance of approximately twenty-five feet. The purpose of the bulkhead was to sustain the earth on that side of the house erected by Mrs. Johnstone. September 25, 1925, the appellants purchased the east thirty feet of tracts 8 and 9 from Moses Waters and Nancy E. Waters, his wife, the then owners of the property, who had acquired title through the successors in ownership of Mrs. Johnstone. The deed conveying the property described it as the east thirty feet of tracts 8 and 9. During the year 1925 the respondents acquired, through successors in ownership from Mrs. Johnstone, the west one hundred feet of tracts 8 and 9. During the year 1927 some question arose between the appellants and the respondents as to the true boundary line between their respective properties. The respondents caused a survey to be made, with the result that the true line was about three feet to the east of the bulkhead or retaining wall. Thereafter the

respondents brought the action to quiet title to the strip between the true line and the retaining wall.

Mr. and Mrs. Waters acquired title to the east thirty feet in June, 1918. It thus appears that prior to this conveyance a sufficient time had not elapsed by which title could have been acquired by the owners of the east thirty feet to the disputed strip by adverse possession. Up to the time that Mr. and Mrs. Waters acquired title to the property, there does not appear to have been any question raised as to the true boundary line, or whether the retaining wall was further to the west than it should have been.

The controlling question is whether, during the time that Mr. and Mrs. Waters owned the land, they claimed the disputed strip adversely. Upon this question the evidence is in dispute. There were a number of witnesses, two of whom were disinterested, who testified that Mr. and Mrs. Waters at no time claimed beyond the true line as described in the deed conveying the east thirty feet to them, and that they recognized that the wall was over on the property now owned by the respondents. Mrs. Waters, who appears to have largely had the management of the property during the time that it was owned by her husband and herself, denied that they had at any time recognized that the bulkhead did not mark the true boundary between the two properties, and testified affirmatively that they purchased the east thirty feet of lots 8 and 9 and supposed that the bulkhead was the west boundary. Upon this testimony the trial court found:

"That prior to the time the said defendants acquired the property so deeded to them in 1925, none of their predecessors ever owned, adversely occupied, controlled or possessed said disputed strip of land, or any portion thereof; that the line of said stone retaining wall, running north and south, has never been established at any time as the true boundary line between

the properties of plaintiffs and defendants or their predecessors in interest; that all the predecessors in interest of the said defendants claimed only thirty feet, and no more; that until the year 1927, when an accurate survey was made, the true boundary line had never been determined, and all the predecessors in interest of the defendants claimed only to the true boundary line when the same should be determined by an accurate survey, and none of them claimed to the said north and south stone retaining wall as a boundary.''

This finding is sustained by the evidence.

Whether Mr. and Mrs. Waters claimed beyond the boundary described in their deed was a question of fact. There was not sufficient evidence to show that they held the property adversely, even though under some circumstances possession originating in a mistake may become adverse. In *Snell v. Stelling,* 83 Wash. 248, 145 Pac. 466, it was said:

''It is true that possession originating in a mistake may become adverse. That, however, is a question of fact. There must be some evidence of a hostile intent and facts imposing notice of that intent to initiate an adverse holding.''

If Mr. and Mrs. Waters only intended to claim to the boundary line, as mentioned in their deed, and made no claim as to where that line was located, their possession of the disputed strip was not adverse. In *Wilcox v. Smith,* 38 Wash. 585, 80 Pac. 803, it was said:

''But if a party only claims to a given line, and makes no claim as to where such line is located, his adverse possession is limited to such line wherever the same may be established.''

The cases of *Schlossmacher v. Beacon Place Co.,* 52 Wash. 588, 100 Pac. 1013, and *King v. Bassindale,* 127 Wash. 189, 220 Pac. 777, are different from the present case. In neither of those cases was there evidence, such as in the present case, that the parties claiming

title by adverse possession recognized that the title to the disputed strip was in their adversaries. In those cases the facts were held to establish title by adverse possession. As already pointed out, in the case now before us the evidence will not sustain a finding that at any time Mr. and Mrs. Waters' claim to the disputed strip was adverse or hostile to the rights of the owners of the west one hundred feet.

Whether the erection of the retaining wall for a distance of twenty-five feet back from the south line of tract 9, if there was no other evidence, would be sufficient to overcome the presumption that exists, when one enters into possession of property the title of which is in another, that such entry is in subordination to the title of the real owner, it is not necessary here to determine, and we express no opinion thereon, because that is not a controlling feature in this case.

Over objection, a witness was permitted to testify to declarations which Mrs. Waters was said to have made subsequent to the time that she and Mr. Waters parted with title to the property. This evidence should not have been received. Declarations of a grantor, after he has divested himself of his estate, cannot be admitted to impeach the title of the grantee. Jones on Evidence (2d ed.), p. 305, § 241. Jones on Evidence (2d ed. Rev., Vol. 2), p. 1675, § 910. Mrs. Waters denied having made the declarations. This evidence was of minor importance and, even though improperly received, would not affect the result. In considering the case we have disregarded it entirely.

The appellants further argue that the material in the retaining wall belonged to them, and that the trial court erred in refusing to award it to them. This contention is not well founded. The material in the retaining wall at no time belonged to the appellants,

and from what has already been stated it appears that it did not pass to them under the deed by which they acquired title to the east thirty feet of tracts 8 and 9.

The judgment will be affirmed.

FULLERTON, C. J., ASKREN, FRENCH, and PARKER, JJ., concur.