[No. 1194.   Decided November 6, 1894.]

COSH-MURRAY COMPANY, *Respondent*, v. GEORGE B. ADAIR, *Defendant*, GORDON HARDWARE COMPANY, *Appellant*.

SALE — ACTION FOR PRICE — EVIDENCE — NON-SUIT.

In an action to recover the value of goods alleged to have been sold defendants, and at their request delivered to a third person, evidence showing an arrangement between defendants and such third person, whereby defendants were to "look after" his business, receiving the proceeds thereof and disbursing same, with the right to apply any surplus to the payment of such third person's indebtedness to defendants, is incompetent and immaterial.

In an action against a corporation and its general manager jointly to recover the value of goods sold defendants, and delivered at their request to a third person, the corporation is entitled to a non-suit when the evidence fails to show its connection with the transactions sued upon, and there is no showing that the general manager was authorized to act in the matter, which was extrinsic to the general business of the corporation, and the accounts had in fact been charged on the books to such third person, and not to the corporation.

*Appeal from Superior Court, King County.*

*Turner & McCutcheon*, for appellant.

*Allen & Powell*, for respondent.

The opinion of the court was delivered by

ANDERS, J. — This action was instituted by the plaintiff, as assignee of the claims of James Cosh & Co., Risdon-Cahn Co., Riley & Galbraith and Webb & Co., against George B. Adair and Gordon Hardware Co., to recover the value of goods alleged to have been sold to the defendants, and at their request delivered to one J. W. Perkins.

The complaint alleges that the goods were sold by the several assignors to the defendants, and at their request were delivered to Perkins, states their value, and the amount due therefor, and that the respective claims were,

for a valuable consideration, assigned and transferred in writing to the plaintiff. The answer denies that the goods mentioned in the complaint were sold to defendants, or either of them, or were delivered to said Perkins at their request, and avers that the defendants did not at any time, jointly or severally, promise or agree, in writing or otherwise, to pay the price, or any part thereof, of any goods sold or delivered by either or any of said assignors to said Perkins, nor did they, jointly or severally, or otherwise, at any time promise or agree to answer for any debt or default of the said Perkins, to either or any of said alleged assignors, upon any of the said several accounts set forth in said complaint, or upon any other account, claim or demand whatever.

The cause was tried by a jury, and there was a verdict and judgment for plaintiff against the Gordon Hardware Company alone upon all the causes of action set forth in the complaint, except the account assigned by Risdon-Cahn Company.

At the close of the evidence on the part of the plaintiff the defendants moved for a judgment of non-suit, on the ground that the evidence was insufficient to support a verdict for plaintiff. The motion was denied, and the defendants excepted, and this ruling of the court is one of the principal errors alleged by the appellant.

The Gordon Hardware Company is a corporation, organized and existing under and by virtue of the laws of this state, and the defendant Adair was, at the time the goods in controversy were sold, and for some years prior thereto, its general manager. J. W. Perkins was engaged in the business of logging in Kitsap and King counties, from about the year 1885 until some time in the summer or fall of the year 1892. Some time prior to the year 1889 he became indebted for supplies for his logging camp to Jones & Hubbell, Chilberg & Son and the Gordon Hardware

Company.    It appears that he had no means of paying
these debts except out of his logging business.    The three
parties above mentioned, in order that they might, if pos-
sible, insure the payment of their claims, made an agree-
ment between themselves and Perkins that they would take
the business of the latter in hand and assume, in a measure,
its management and supervision; that they should receive
the proceeds of his logs and disburse the same, and if there
should be any surplus after paying the necessary running
expenses they should divide it in proportion to their re-
spective claims.    In this arrangement the Gordon Hard-
ware Company was represented by the defendant Adair,
and it was agreed that he should look after the interests of
the business for all parties concerned.    The testimony
showing this agreement, and how it was carried out, was
admitted over the objection of the defendants, who insisted
that the same was irrelevant and immaterial to the issues
in this case.    The respondent argues that the testimony
was properly admitted, for the reason that it showed the
relation then existing between the defendants and Perkins,
and that it was further shown that the same relation existed
until Perkins discontinued the logging business in the
summer of 1892.    But what was that relation?    Obviously
it was simply that of agent and principal.    Neither the
defendants nor Jones & Hubbell nor Chilberg & Son under-
took to carry on a logging business on their own account.
Their purpose was to "look after" and "watch closer"
the business of Perkins, and their compensation for so
doing, if any, was to be a *pro rata* share of the profits.
And it is impossible to see how such an agreement in any
way tended to prove that the defendants, or either of them,
bought the goods in question from plaintiff's assignors.
We think the objection should have been sustained, even if it
had been conceded or shown that the relations between the
defendant company and plaintiff's assignors were similar

to those shown to have existed between said defendant and
Jones & Hubbell and Chilberg & Son several years prior
to the time when the transactions occurred out of which
this controversy arose.

Without further digression, we will now proceed to the
consideration of the ruling of the trial court upon the mo-
tion for a non-suit.    It is insisted by the appellant that, at
the time the motion was interposed, the plaintiff had failed
to prove that the appellant had, in any manner, been con-
nected with the transactions sued upon; and if that be true,
the judgment must be reversed, even if the other objections
raised by appellant are entirely untenable.

After having carefully read and considered all of plaint-
iff's evidence, we are constrained to conclude that the con-
tention of the appellant is not without merit.    The testimony
adduced by the plaintiff is somewhat voluminous, and it is,
therefore, impracticable to set it all forth in this opinion.
But, taken as a whole, we think it fails to "prove a suffi-
cient cause for the jury."

In the first place, it must be borne in mind that the action
was brought against Adair and the hardware company
jointly; and this would seem to indicate that the plaintiff
did not consider the company alone liable.    In the sec-
ond place, neither of the accounts sued on were charged in
the original books of entry against either the Gordon Hard-
ware Company or Adair, although there was some testi-
mony tending to show that the name of the company
appeared on the ledger of Riley & Galbraith in connection
with that of J. W. Perkins.    All of the other accounts
were charged on the books to Perkins.    Of course the
charges on the books were not conclusive as to the plaintiff,
and did not preclude proof that credit was really given to
Adair, or to the appellant, but it was a circumstance re-
quiring explanation, and which the plaintiff undertook to
explain, especially as to the Cosh & Co. account, by show-

44—9 WASH.

ing that it resulted from the particular method of book-keeping adopted by that firm.     The explanation, however, when taken in connection with the further facts that all of these accounts were made out as charges against Perkins, and were from time to time presented to Adair at his place of business, and that payments were made thereon by him and receipts given for the same acknowledging payments by Perkins, is far from satisfactory.

It further appears from the evidence that all of the goods in question were ordered by Perkins himself, either personally or by mail.     It likewise appears, in fact it is not disputed, that at the times the goods were ordered by Perkins, Adair was assisting him in "running his business," and especially in collecting his money and paying his bills. And we think the evidence sufficiently shows that the relations then existing between Adair and Perkins were understood by all of the sellers of the goods.     This accounts for the fact that the several bills were presented to him for payment.

It is true there is testimony on the part of the plaintiff tending to show that Mr. Adair told some of these parties to ship the goods and he would pay for them out of the proceeds of Perkins' logs; that all they had to do was to bring the bills to him at his office at the Gordon Hardware Company and they would be paid.     But it must be remembered that the Gordon Hardware Company was, and is, a corporation.     There is no evidence that it ever authorized, or intended to authorize, Mr. Adair, or any other person, to purchase or pay for any goods whatever to be delivered to Mi. Perkins.

It is proper to state, however, that one of the witnesses for the plaintiff testified, in substance, that goods were shipped to Mr. Perkins by the express permission of the Gordon Hardware Company; but his testimony as a whole shows plainly that the "permission" spoken of was the

permission of Mr. Adair.   The mere fact that Mr. Adair was the manager of the business of the hardware company by no means proves that his declarations or promises in regard to matters extrinsic to the legitimate business of the corporation are binding upon it, without some showing of antecedent authorization or subsequent ratification.

In our opinion the evidence on behalf of the plaintiff utterly failed to prove a cause of action against the appellant.   It therefore becomes unnecessary to consider other objections raised and discussed in the brief of the appellant.

The judgment is reversed, and the cause remanded with directions to enter judgment of non-suit on defendants' motion.

HOYT, SCOTT and STILES, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I dissent.   I think there was sufficient testimony, if undisputed, to sustain the verdict.