(65 App. Div. 541.)

FRIBERG v. BLOCK.

(Supreme Court, Appellate Division, Second Department.　November 22, 1901.)

1. ACCOUNT—PAYMENT—ORDER ON THIRD PARTY—CREDIT.

Defendant, being indebted to plaintiff, gave him an order for $100, and plaintiff took a note for the amount, and before maturity entered a credit to defendant to that amount.　The note was not paid, and plaintiff recovered judgment thereon, but subsequently sued defendant on the account, and brought in the note to be delivered up.　*Held*, that it was not error to instruct that defendant was not entitled to a credit for that amount, and to refuse to instruct that the credit entered established the presumption that the note was received as a payment.

2. SAME—JUDGMENT—ASSIGNMENT.

Plaintiff was not entitled to recover on the account without assigning to defendant the judgment on the note.

Appeal from trial term.

Action by Charles A. Friberg against Oscar Block, doing business as the Von Bauer Iron Works.　From a judgment for plaintiff, defendant appeals.　Affirmed conditionally.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and SEWELL, JJ.

S. S. Gowdey, for appellant.

William F. Connell, for respondent.

JENKS, J.　The defendant appeals from a judgment in an action for material sold and for work done.　His attack is confined to an item of $100.　Some time after the transaction, and after some payments had been received on account, the plaintiff asked a further payment, whereupon the defendant gave him an order upon one Gollner for $100.　Gollner executed and delivered to plaintiff his promissory note for that amount.　It appeared on the trial that the note had not been paid, and that the plaintiff had recovered a judgment upon said note against Gollner, which had not been satisfied. The plaintiff brought the note to the trial to be delivered up.　The defendant made no dispute of this proof, but read in evidence a bill or statement of the account plaintiff had against him, wherein the plaintiff had entered this item of credit: "August 14.　Note of E. G. Gollner, $100."　The plaintiff showed without contradiction that when the account was made out the note had not matured.　The learned justice charged the jury that, as matter of law, the defendant was not entitled to credit for the note, and refused, under exception, to charge that this credit in such account established the presumption that the note was received in payment, that the recovery of the judgment against Gollner entitled the defendant to a credit of $100, and that the burden of proof showing that the plaintiff did not receive the note in payment, "under all the facts and circumstances," was upon the plaintiff, and that "he has not met it."

There were no "facts and circumstances" save those I have described.　The acceptance of the note of Gollner did not work satisfaction of the precedent debt, unless an agreement therefor was proven, and it was for the defendant to establish the agreement.　Noel

v. Murray, 13 N. Y. 167; Youngs v. Stahelin, 34 N. Y. 258, 265; Gibson v. Tobey, 46 N. Y. 637, 640, 7 Am. Rep. 397; Hall v. Stevens, 116 N. Y. 201, 206, 22 N. E. 374, 5 L. R. A. 802. The learned counsel in his brief cites the last-named case, and none other. But he fails to mark the discrimination made in that very case (page 206, 116 N. Y., page 376, 22 N. E., and page 804, 5 L. R. A.) between a present and precedent debt. I think that the defendant did not overcome the presumption, and that the court did not err in its disposition of this item of $100. The plaintiff could not, of course, have a double satisfaction, but, so long as the judgment remained unpaid, there could be no double satisfaction of this item of $100. The plaintiff plainly was entitled to sue upon the original debt, and to bring the note, which was the basis for the said judgment, into court to be delivered up.

But, previous to the trial of this action, the plaintiff in his own name had recovered a judgment upon this note, so that the note thereby became merged in the judgment. I think that he was bound to offer, not only the note, but also an assignment of the judgment to this defendant, for the reason that possession of the note alone would not enable the plaintiff to enforce his claim against Gollner.

The judgment must be reversed, and a new trial ordered, costs to abide the event, unless the respondent within 20 days execute and deliver an assignment of said judgment to the appellant. If this be done, then the judgment must be affirmed, without costs of this appeal to either party. All concur.