(62 Misc. Rep. 462.)

## McCLOSKEY v. GOLDMAN et al.

(Supreme Court, Appellate Term.   March 5, 1909.)

1. PLEADING (§ 253*)—AMENDMENT OF COMPLAINT—FAILURE TO DENY ALLEGA-
   TIONS—EFFECT.

   An allegation added to the complaint by amendment, allowed without
   objection from defendant, who omitted to move to amend his answer so
   as to deny it, is deemed admitted.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 750;  Dec. Dig.
   § 253.*]

2. CORPORATIONS (§ 430*)—ACTS OF OFFICERS—INDIVIDUAL INTEREST OF OFFI-
   CER.

   Acts of officers of a corporation in a transaction in which they individ-
   ually and the corporation are interested, do not bind the corporation,
   except as to innocent parties, unless specifically authorized or ratified by
   the corporation.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1740;  Dec.
   Dig. § 430.*]

3. PRINCIPAL AND AGENT (§ 69*)—PERSONAL INTEREST OF AGENT—EFFECT.

   The rule disqualifying an agent from representing his principal in any
   transaction in which his substantial personal interests are opposed to the
   interests of the principal applies to all cases where there is danger that
   the agent may be induced to use his powers for his own advantage.

   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 130;
   Dec. Dig. § 69.*]

4. CORPORATIONS (§ 314*)—ACTS OF OFFICERS.

   The directors and agents of a corporation impliedly undertake to give
   the corporation the benefit of their best judgment, and to use their
   powers in its interest, and they have no right to use their official position
   for their own benefit.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1393–1400;
   Dec. Dig. § 314.*]

5. CORPORATIONS (§ 314*)—AUTHORITY OF OFFICERS.

   An officer of a corporation has no authority to transfer an account due
   to it to a business concern in which he is interested, and use the account
   as a set-off against the amount due from the concern to the debtor, though
   such business concern is composed of three officers of the corporation, who
   are its principal stockholders.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1398;  Dec.
   Dig. § 314.*]

6. CORPORATIONS (§ 398*)—AUTHORITY OF STOCKHOLDERS.

   A stockholder cannot, as such, bind the corporation by acts or admis-
   sions.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1593;  Dec.
   Dig. § 398.*]

7. CORPORATIONS (§ 430*)—POWERS OF OFFICERS—INQUIRY BY THIRD PERSONS.

   One dealing with an officer of a corporation, who assumes to act for it
   in matters in which the interests of the corporation and the officer are
   adverse, is put on inquiry as to the authority and good faith of the
   officer.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1741;  Dec.
   Dig. § 430.*]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by John J. McCloskey, as receiver of the Caledonia Mills Company, against Aaron Goldman, and others, copartners under the firm name and style of Goldman, Gury & Kram. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Jacob M. Kram, for appellants.

Thomas & Oppenheimer (Leon Oppenheimer, of counsel), for respondent.

PER CURIAM. This action was brought by the receiver of the Caledonia Mills Company to recover the sum of $349 for merchandise sold and delivered to the said defendants by the said Caledonia Mills Company. The defendants, by their answer, admitted the sale and delivery of the said merchandise, but by way of special defense alleged (1) that the account had been assigned to Holzman Bros., and (2) that by an agreement between the Caledonia Mills Company and the defendants it was agreed that, in consideration of the manufacture by the defendants for the American Boy Suit Company of certain finished garments from raw materials furnished by it to them, all moneys due to the said Caledonia Mills Company by reason of said sale might be applied on account of and deducted from any money due to the defendants from the American Boy Suit Company.

Plaintiff, upon the trial of the case, moved to amend the complaint by adding an allegation to the effect that Holzman Bros. for a valuable consideration duly assigned and set over to the plaintiff all their right, title, and interest to the moneys that may be due them from Goldman, Gury & Kram, which motion was granted. The defendants made no opposition to this motion, and even omitted to move to amend their answer so as to deny this allegation. Therefore, as there was no denial of this allegation of the plaintiff's complaint, the same must be deemed admitted, and no proof was necessary to support this allegation. Thus it follows that the first separate defense is not available to defendant.

To substantiate the second separate defense in their answer, defendants called one Stewart G. Waterman, whose testimony was that it was agreed that the amount which was owing to the Caledonia Mills Company from Goldman, Gury & Kram, the defendants, should not be paid by them, but should be set off against what was due to the defendants from the American Boy Suit Company. It appears that said Waterman was the secretary of the Caledonia Mills Company, a corporation, and that said Waterman had also filed a certificate with the county clerk as doing business as the American Boy Suit Company, and that he, as an officer and agent of the corporation, Caledonia Mills Company, was in the transaction in question acting for that corporation, while at the same time he, together with two other officers of the Caledonia Mills Company, in their individual capacities, composed the American Boy Suit Company. It therefore seems that the said Waterman, acting in the interest of himself, as the American Boy Suit Company, transferred the account, which was due and owing

to the Caledonia Mills Company from the defendants, to the American Boy Suit Company, and used it as a set-off against the amount due to Goldman, Gury & Kram from the American Boy Suit Company. This act appears to be that of an individual in the interest of himself, to the detriment of the corporation. When acting in the interest of themselves or third parties, subject to exception in favor of innocent parties, the general rule is that acts of officers of a corporation, in any transaction in which both the corporation and they themselves individually are interested, do not bind the corporation, unless specially authorized or ratified by the corporation. 10 Cyc. 912; Claflin et al. v. Farmers' & Citizens' Bank of Long Island, 25 N. Y. 296. The rule disqualifying an agent from representing his principal in any transaction in which his personal interests are opposed to the interest of the principal applies to all cases where there is danger that the agent may be induced to use his powers for his own advantage; and it is immaterial what the character. of the interest may be, provided it be a substantial one. The directors or agents of a corporation, in accepting their appointment to office, impliedly undertake to give the company the benefit of their best .care and judgment, and to use the powers conferred upon them solely in the interest of the corporation. They have no right under any circumstances to use their official position for their own benefit, or for the benefit of any one except itself. Accordingly it has been held in numerous cases that the directors of a corporation have no authority to bind the company by any contract made with themselves personally, or to represent it in any transaction with third parties in which they have a private interest at stake. Wardell v. Union Pacific R. R., 103 U. S. 651, 26 L. Ed. 509; Hoyle v. Plattsborough R. R., 54 N. Y. 314, 13 Am. Rep. 595; Blake v. Buffalo R. R., 56 N. Y. 485.

In the case at bar it appears that Waterman, the secretary of the Caledonia Mills Company, did not give the corporation the benefit of his best care and judgment, and that he did not use the powers· conferred upon him solely in the interest of the corporation. This act of Waterman, canceling a debt owing to the Caledonia Mills Company by the defendants, and receiving the benefit, was an act wholly without his authority as an officer of the Caledonia Mills Company, and such act, if unauthorized or unratified by the corporation, was not binding upon the said corporation. The evidence does not warrant the conclusion that the American Boy Suit Company was in any sense a part of the Caledonia Mills Company, although it was composed of three officers of said corporation in their individual capacity, and the court below apparently found as a fact that they were separate and distinct concerns. The authority in respect to the business of the corporation was lodged in the board of directors (3 Thompson on Corporations, § 3975), and there appears to have been no meeting of the directors at which this transaction was authorized or ratified. The three officers of the Caledonia Mills corporation, who composed the American Boy Suit Company, were apparently the principal stockholders in the said corporation; but a shareholder cannot bind his corporation by his acts or admissions in the mere capacity of a shareholder, nor can he as officer, unless the acts or admissions are

within the scope of his agency, and Waterman could not, either as officer or stockholder, release the debt due the corporation. Harris v. Muskingum Moving Co., 4 Blackf. (Ind.) 267, 29 Am. Dec. 372. It was the duty of defendants, under the circumstances of this case, before relying on the act of Waterman, to inquire into his authority to thus release a debt due to the corporation in favor of a concern in which he himself was interested; for every one dealing with an officer of a corporation, who assumes to act for it in matters in which the interests of the corporation and officer are adverse, is put upon inquiry as to the authority and good faith of the officer. Moores v Bank, 111 U. S. 156, 4 Sup. Ct. 345, 28 L. Ed. 385.

The judgment is right, and must be affirmed, with costs.