[No. 9700.　Department Two.　April 13, 1912.]

JOHN MORRISEY *et al.*, *Respondents*, v. C. W. SCHULTZ *et al.*,

*Appellants.*[1]

APPEAL—BRIEF—REFERENCES TO RECORD.　Error in rulings on the evidence will not be considered when the brief makes no references or citations to the pages of the statement of facts disclosing the error.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS TO INSTRUCTIONS. Error cannot be predicated upon instructions where no exceptions were taken.

Appeal from a judgment of the superior court for King county, Yakey, J., entered February 27, 1911, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages.　Affirmed.

*Leopold M. Stern, W. H. B. Thomas,* and *Martin & Todd,* for appellants.

*George B. Cole,* for respondents.

PER CURIAM.—John Morrisey and wife being owners of valuable vacant lots in the city of Seattle, commenced this action to recover damages alleged to have resulted from the wrongful acts of the defendants, C. W. Schultz, John L. Stanley, George Hanson, and George W. Wilder, in dumping large quantities of earth thereon.　The defendant Hanson was not served with process and was dismissed from the action.　On trial a nonsuit and order of dismissal was granted to the defendant Wilder, and a verdict for $700 was returned against the defendants Schultz and Stanley, who have appealed from the final judgment entered thereon.

Appellants contend the trial judge erred in admitting evidence offered by respondents and rejecting evidence offered by appellants; in denying appellants' motion for a nonsuit; in giving improper instructions to the jury; and in errone-

[1]Reported in 122 Pac. 1065.

ously and prejudicially embarrassing appellants' counsel in the examination of a witness. Appellants do not direct our attention to pages of the statement of facts disclosing any prejudicial or erroneous rulings on the admissibility of evidence. No references or citations for this purpose are made in the briefs. The burden of searching the record for errors cannot be imposed upon this court. We have, however, read the entire record with much care, in order that we may pass upon appellants' contention that their motion for a nonsuit should have been granted, and will not only say we have been unable to find any erroneous or prejudicial rulings on the admissibility of evidence, but will also state our conclusion that the evidence admitted is amply sufficient to sustain the verdict of the jury, and that appellants' motion for a nonsuit was properly refused. No exceptions were saved to instructions given or refused, and we cannot consider any assignments of error predicated on the instructions. Yet we will state that in the instructions given, the trial judge adopted the theory upon which appellants tried their case, and which was urged by them.

Appellants do refer to pages of the statement of facts at which they contend it is shown the trial judge erroneously and prejudicially embarrassed their counsel in his examination of a witness. This is the only citation they make, and it does not sustain their contention. On the contrary it appears that counsel and the witnesses were treated with the utmost courtesy and consideration by the trial court.

The judgment is affirmed.