(88 Misc. Rep. 103)

### SINGER v. STROMPF.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

1. PAYMENT (§ 73*)—PLEADING—PROOF.

    Where, in an action on an account for plumbers' supplies, defendant in a counterclaim pleaded an assignment to plaintiff of a mechanic's lien for $275, which it was agreed should operate as a part payment on defendant's indebtedness, he was bound to prove an agreement to accept the assignment in payment, and evidence of an agreement to extend the credit by reason of such assignment, and to credit the proceeds of the lien when paid, was insufficient.

    [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 220–225, 232–238; Dec. Dig. § 73.*]

2. CORPORATIONS (§ 430*)—OFFICERS—AUTHORITY.

    Where the president of a bankrupt corporation had a power of attorney from his wife to transact her business, his agreement that defendant should do certain plumbing work on his wife's premises and the value thereof should be credited on defendant's indebtedness to the corporation was wholly beyond the president's authority, and ineffective to discharge defendant pro tanto of his liability to the corporation.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1740, 1741; Dec. Dig. § 430.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. CORPORATIONS (§ 430*)—OFFICERS—AUTHORITY—NOTICE.**

Every person dealing with an officer of a corporation, who assumes to act for it in matters in which the corporation's interest and those of the officer are adverse, is put on inquiry as to the officer's authority.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1740, 1741; Dec. Dig. § 430.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Henry B. Singer, as trustee in bankruptcy of the Yorkville Plumbers' Supply Depot, Incorporated, bankrupt, against Otto A. Strompf. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Henry W. Sykes, of New York City, for appellant.

J. V. Rooney, of New York City, for respondent.

GUY, J. The action was brought to recover the sum of $498.78 and interest from June 10, 1914, by the plaintiff, as trustee in bankruptcy, for goods sold and delivered to the defendant by the Yorkville Plumbers' Supply Depot, Incorporated, a corporation of this state. The answer admitted the allegations of the complaint, and set up two counterclaims : the first one alleging, in substance, that the defendant, after the indebtedness sued for had accrued, had filed a lien upon premises known as Washington Market, and against the city of New York and one Bleckman, for services rendered and materials furnished by the defendant. amounting to the sum of $275, and had subsequently assigned said lien to the Supply Company, "who agreed to and did accept said assignment as partial payment of $275 by this defendant on account of his indebtedness." The second counterclaim alleged that defendant performed work, labor, and services for said Supply Company, amounting to the sum of $220, and that said Supply Company "agreed to accept said work, labor, and services as and for a payment or credit on account of defendant's indebtedness."

[1] In order to sustain the first counterclaim, and to show that the lien was accepted by the Supply Company in full satisfaction of a preceding indebtedness, the defendant must establish an agreement to that effect (Hall v. Stevens, 116 N. Y. 201, 206, 22 N. E. 374, 5 L. R. A. 802), and without such proof the mere acceptance of the assignment did not discharge the original debt (Friberg v. Block, 65 App. Div. 541, 542, 73 N. Y. Supp. 104). As to this counterclaim the defendant testified that one Vogel, then the president of the Supply Company, "accepted the assignment." Vogel testified, when called by the defendant as his own witness, that:

"Mr. Strompf filed me an assignment of the lien to get some more credit. I accepted it, and told him that, if it was paid, his credit was good."

The books of the Supply Company showed, however, that the account against the defendant has always been carried along, showing a balance against him of $569.72, and upon cross-examination Vogel testified that he told defendant that "when the lien was paid he would give

---

credit for the amount of the lien." It also appeared that statements were rendered to the defendant monthly, and that no credits appeared upon those statements. It was shown that the lien was never paid, and plaintiff offered at the trial to reassign the same to the defendant. I think that this testimony fails entirely of showing that the lien was taken and accepted as a satisfaction of defendant's indebtedness to the Supply Company.

[2] As to the second counterclaim, there can be little doubt but that Vogel intended to allow the defendant's claim for work, etc., to apply upon his indebtedness to the Supply Company, as after the defendant performed the work Vogel gave him a receipt as follows:

"May 18, 1914.

"Received from O. A. Strompf two hundred and twenty ($220.00) dollars.
"Yorkville Plumbers' Supply Depot,
"Per T. Vogel, Pres."

The evidence shows, however, that Vogel's wife owned some real estate in Mt. Vernon, that Vogel had a power of attorney from his wife to transact her business, that defendant went to Mt. Vernon at Vogel's request, and with Vogel and his wife made an agreement to and did work upon her premises, said work amounting to said sum of $220, and that thereafter Vogel gave defendant the receipt above quoted.

This attempt on the part of Vogel to pay the indebtedness of himself or his wife, and bind the corporation of which he was president, was without the slightest legal effect. He was not in any way shown to have authority to release a debt due the corporation, and his attempt so to do was wholly beyond the scope of his powers. McCloskey v. Goldman, 62 Misc. Rep. 462, 115 N. Y. Supp. 189.

[3] Neither did defendant have a right to rely upon this act of Vogel, without inquiring as to his power, as every person dealing with an officer of a corporation, who assumes to act for it in matters in which the interests of the corporation and the officer are adverse, is put upon inquiry as to the authority of the officer. (Id.)

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.