[No. 15802.   Department One.   June 22, 1920.]

CHAUNCEY W. SHELTON, *Appellant,* v. WALTER W. POWERS *et al., Respondents.*

W. W. ROBERTSON *et al., Respondents,* v. CHAUNCEY W. SHELTON, *Appellant.*[1]

TRIAL (151)—FINDINGS OF FACT—NECESSITY. In a law action, under Rem. Code, § 367, it is mandatory that findings of fact and conclusions of law be made upon request.

APPEAL (145)—EXCEPTIONS TO FINDINGS—NECESSITY IN EQUITABLE ACTION. The failure to except to findings prevents inquiry as to the sufficiency of the evidence even in an equity case.

Appeal from a judgment of the superior court for King county, Frater, J., entered January 31, 1919, upon findings of the court, in consolidated actions for cancellation of instruments and upon promissory notes. Affirmed.

*W. F. Hays,* for appellant.

*Bronson, Robinson & Jones,* for respondents.

MITCHELL, J.—These two actions were consolidated for the purpose of trial and were tried to the court without a jury, resulting in a judgment in both cases against Chauncey W. Shelton, who has appealed.

By agreement they were consolidated for the purpose of the appeal. The suit by Shelton was for the cancellation of instruments. The suit against him was upon promissory notes made and delivered by him. Formal findings of fact and conclusions of law covering both cases were signed and filed, which clearly support the judgment. No exceptions were taken to the findings of fact or conclusions of law, nor were any findings proposed by the appellant.

[1]Reported in 190 Pac. 900.

The two first assignments of error relate to the rejection of evidence. The assignments are indefinite and appellant has not furnished any reference or citations to the pages of the statement of facts for the purpose of disclosing any prejudicial ruling in the rejection of evidence. While under the case of *Morrisey v. Schultz,* 68 Wash. 237, 122 Pac. 1065, we are not called upon to search the record in this respect, we have, however, because of its being a small record, examined it with care and fail to find any support for the claim of errors.

The other assignments are that the court erred in its findings, conclusions and judgment. Indeed, this is the only assignment argued either orally or in the brief. As to the action against the appellant, it being a law action, the statute (§ 367, Rem. Code) is mandatory that findings of fact and conclusions of law shall be made upon request, as was done in this case at the instance of respondents. *Western Dry Goods Co. v. Hamilton,* 86 Wash. 478, 150 Pac. 1171; *Wilson v. Aberdeen,* 25 Wash. 614, 66 Pac. 95. The failure to except to the findings prevents us from inquiring into the sufficiency of the evidence to sustain them. *Harbican v. Chamberlin,* 82 Wash. 556, 144 Pac. 717; *Nichols v. Capen,* 79 Wash. 120, 139 Pac. 868.

As to the action by appellant, it is true it is an equity case wherein it was not necessary for the trial court to make findings of fact, but "we have repeatedly held that, where findings of fact are made in an equity case, exception must be taken to such findings in order to secure a review of the trial court's conclusions reached therein." *Ready v. McGillivray,* 109 Wash. 387, 186 Pac. 902.

Affirmed as to both cases.

HOLCOMB, C. J., PARKER, MAIN, and MACKINTOSH, JJ., concur.