[No. 17560.  Department One.  July 2, 1923.]

BARTO COMPANY, *Appellant*, v. REEVES AYLMORE, JR., *Respondent*.[1]

CORPORATIONS (126)—OFFICERS AND AGENTS—INDIVIDUAL PROFITS OR BENEFITS FROM CORPORATE BUSINESS. An agreement by the managing officer of a corporation that an attorney could pay his note to the corporation by rendering legal services to the officer's father-in-law is void as an attempt to use the property of the corporation in private business of no benefit to the company, in the absence of evidence of authority for or knowledge of the act.

TRIAL (150)—FINDINGS—NECESSITY. In an action at law, tried to the court, findings of fact are necessary under Rem. Comp. Stat., § 367; and it is reversible error for the court, upon a request for specific findings upon conflicting evidence upon a valid defense in issue, to refuse to make any finding on the subject.

Appeal from a judgment of the superior court for King county, Tallman, J., entered May 11, 1922, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Reversed.

*Tucker & Hyland (Ford Q. Elvidge, of counsel), for appellant.*

*Million & Houser, for respondent.*

MITCHELL, J.—This is an action by The Barto Company, a corporation, on two promissory notes, executed and delivered by the defendant to Barto & Sons Bank, a corporation, which notes were assigned and transferred to the plaintiff.  One note is in the sum of $85 and interest, the other one $550 and interest.  The statute of limitations was plead as a defense to the action upon each of the notes, and further it was answered that the $85 note had been given to cover an advance of expense money in connection with services to be

[1]Reported in 216 Pac. 857.

rendered Barto & Sons Bank, and that as to the $550 note it was to be paid by services rendered and other expenses incurred by the defendant to and on behalf of Barto & Sons Bank, which services and expenses were rendered and incurred.

On the trial of the case, without a jury, there was judgment for the plaintiff on the $85 note, and against the plaintiff as to the larger note. The plaintiff has appealed from that part of the judgment against it.

The court found that, after the $550 note was given, the respondent performed legal services for and at the request of the payee, Barto & Sons Bank, of the reasonable value of the amount owing on the note and that, at the time of the employment, and rendition of the services, it was agreed that the value of such services should offset the note.

Upon an examination of the evidence, we are satisfied it does not support the finding. There is a dispute as to whether or not any agreement upon the subject was made; but, accepting the testimony of the respondent as true, which we do as did the trial court, it shows that, shortly after the note was given, one H. B. Barto, manager and an officer of Barto & Sons Bank, employed the respondent to render legal services in a case of H. B. Barto's father-in-law before one of the United States land offices in Oregon, and from thence before the department in Washington, D. C., with the understanding that his charges therefor should be applied as payment on the note; that the services were rendered and that they were reasonably worth fully as much as the note, together with interest at that time; and that, after completing the services, without being asked to have the accounts adjusted, the respondent told H. B. Barto that the amount due the corporation as shown by the note was adjusted by the amount of money re-

spondent had actually put in together with the services he performed.

The note was not surrendered to the respondent. There is no evidence to show that the manager had any authority whatever to bind the corporation by such a promise. There is an absence of proof that any other officer or stockholder of the corporation ever knew or had any opportunity of learning of the attempted application. The transaction was an attempt by the manager and officer to use the property of the corporation, the note, in his own private business or that of some one other than the corporation from which the corporation could not possibly derive any benefit.

This, upon good reasoning, just principles, and the authorities, he could not do. *Hoffman v. Gottstein Investment Co.*, 101 Wash. 428, 172 Pac. 573; *Mooney v. Mooney Co.*, 71 Wash. 258, 128 Pac. 225; *Wallace v. Oceanic Packing Co.*, 25 Wash. 143, 64 Pac. 938; *Cosh-Murray Co. v. Adair*, 9 Wash. 686, 38 Pac. 749; *Rhodes v. Webb*, 24 Minn. 292; *McCloskey v. Goldman*, 62 Misc. Rep. 462, 115 N. Y. Supp. 189; Mechem on Agency (2d ed.), vol. 1, § 981; Thompson on Corporations (2d ed.), vol. 2, § 1459. The principle involved is well expressed in the case of *Singer v. Strompf*, 88 Misc. Rep. 103, 150 N. Y. Supp. 660, which was a case where the president of a corporation agreed that the defendant might do plumbing work on his wife's premises and apply the charges therefor on defendant's indebtedness to the corporation. The court said:

"This attempt on the part of Vogel to pay the indebtedness of himself or his wife, and bind the corporation of which he was president, was without the slightest legal effect. He was not in any way shown to have authority to release a debt due the corporation, and his attempt so to do was wholly beyond the scope of

his powers. *McCloskey v. Goldman,* 62 Misc. Rep. 462, 115 N. Y. Supp. 189.''

Our conclusion on this branch of the case is that the respondent is not entitled to prevail.

On the other branch of the case, the defense of the statute of limitations as applied to the larger note, the note bears an endorsement of the payment of $1.66 on August 4, 1916, and appellant says in its brief that, unless the payment was made, the note was barred by the statute at the time of the commencement of the action. There is a conflict in the evidence as to whether or not the payment was made, and at the proper time in the course of the trial the respondent requested in writing a written finding, already prepared and tendered to the court, that the alleged payment of $1.66 had not been made, which request was refused by the court, who not only failed but refused in writing to make any finding on the subject. In this the court committed error. The defense was a valid one, upon which issue was joined. The case is an action at law. Section 367, Rem. Comp. Stat., requires that findings and conclusions shall be given in writing and filed with the clerk, in such case. The statute has at all times been held to be mandatory. *Wilson v. Aberdeen,* 25 Wash. 614, 66 Pac. 95; *Western Dry Goods Co. v. Hamilton,* 86 Wash. 478, 150 Pac. 1171; *Shelton v. Powers,* 111 Wash. 302, 190 Pac. 900.

The disposition now made of the first branch of the case makes it necessary to the rights of the respondent that the defense of the statute of limitations and the testimony thereon, be disposed of in the manner required by the statute.

The case is reversed and remanded with directions to the trial court to make and enter written findings and conclusions upon the issue as to the affirmative de-

fense of the statute of limitations, and for that purpose, if necessary, in the judgment of the trial court, a new trial confined to such issue may be ordered and had. From the judgment entered thereon, either party aggrieved may appeal.

MAIN, C. J., MACKINTOSH, BRIDGES, and HOLCOMB, JJ., concur.