[No. 25623. Department Two. September 24, 1935.]

WILLIAM PIERCE et al., Appellants, v. MOUNTAIN LION CONSOLIDATED MINES COMPANY, Respondent.[1]

[1]Reported in 49 P. (2d) 23.

*H. N. Martin* and *Neil C. Bardsley,* for appellants.
*Joseph McCarthy,* for respondent.

HOLCOMB, J.—This action was instituted in the court below for more than fifty thousand dollars damages, which, at the trial, appellants elected to try as one for breach of contract, rather than as one for fraud and deceit.

The case was tried to the court without a jury, which, after trial, made very copious findings of fact and a memorandum opinion comprising thirty-nine typewritten pages. The memorandum opinion and the findings of fact of the trial court are so comprehensive that they might well be adopted, as they appeal to this court, were it not for their great length.

The six assignments of error made by appellants are all based upon the findings of fact, conclusions of law, and refusal of findings of fact by the trial court, and in denying their motion for a new trial. All the contentions of appellants are waged principally over the construction of a provision in a lease given them on June 1, 1933, covering a mining claim owned by respondent, described therein as 300 feet long and 200 feet wide on the surface and to a depth of 300 feet. The boundaries describing this small area surround a previously existing deep open-cut surface-working described as "the glory hole." The lease executed to appellants contained this clause:

"It is also further agreed that in case of a sale of the Mountain Lion properties that this lease shall cease and terminate upon 30 days' written notice sent by registered mail to either one of the three parties of the second part [lessees] at Republic, Washington."

Appellants, during June, 1933, commenced mining operations in this "glory hole." They carried on

until January 16, 1934, a period of about six months. On December 11, 1933, being some five weeks before they discontinued working under the lease, A. B. Thomson, acting on behalf of respondent, called all the lessees together at the Arlington hotel, in Republic, Washington, and indicated the intention on the part of respondent of giving the thirty days' notice of termination specified above.

Another instrument was executed by respondent as of the same date, which was not executed until something like a month after the lease to appellants. Both transactions were in the course of negotiation on June 1, 1933; hence, the incidence of the common date.

The second instrument above mentioned was what is, in mining parlance, commonly called and referred to as a "Mining Bond and Lease." It was so designated in the instrument. In it, one J. J. Hayes is the lessee and vendee. This instrument and two separate supplemental modifications thereof are attached to the answer and admitted in evidence. This instrument is in the usual form, providing for the possession in the lessee and vendee during the life of the contract, with installment payments on the purchase price and other obligations, and providing that full payment should be made and the title pass within the period of years specified therein. At the time of the trial of this action, December, 1934, Hayes and his associates were insisting that their mining bond and lease was in good standing, and they refused to permit the deed and instruments placed in escrow to be withdrawn.

Although appellants urgently insist that this case is one to be tried *de novo* by this court, it is nevertheless an action at law, in which findings of fact and conclusions of law were mandatorily required under Rem. Rev. Stat., § 367 [P. C. § 8486].

*Shelton v. Powers,* 111 Wash. 302, 190 Pac. 900; *Sears, Roebuck & Co. v. Nilsen,* 175 Wash. 237, 27 P. (2d) 128; *Automatic Canteen Co. of Washington v. Automatic Canteen Co. of America,* 182 Wash. 133, 45 P. (2d) 41.

In such case, unless the evidence preponderates against the findings of the trial court, they will be treated as verities, and not disturbed. *Automatic Canteen Co. of Washington v. Automatic Canteen Co. of America, supra,* and cases therein cited.

The trial court, among other essential findings, made this one:

"That the 'sale' made in the manner indicated in the said J. J. Hayes 'Mining Bond and Lease' was and is the nature of sale contemplated between plaintiffs and defendants at the time of the execution of said lease in favor of plaintiffs, and the nature of sale within their contemplation, which was and would be such as to authorize and justify defendant in giving the notice to plaintiffs which was given by said Thomson on behalf of defendant, and that there was no fraud or wrongful act whatever on behalf of defendant in giving said notice, and defendant was fully justified from the extensiveness of the improvements being made, cash money actually paid, and otherwise in believing that at least to and into the late spring of 1934, it had actually made a good-faith and bona fide sale within the contemplation of the parties of its said property and sale within the meaning of mining terminology in the Northwest of its said property."

Preceding findings covered other incidental issues in the case, as to none of which do we find a preponderance against any.

No good purpose can be served by analyzing and reviewing the testimony. The provision in the lease as to the sale did not prescribe whether it should be an absolute sale, a conditional sale, an executed

sale, or an executory sale. An executory or conditional sale, under a *bona fide* bond and lease, was not excepted from the terms of that lease.

This court has held that, where a lease provided that the lessor might cancel the same, in the event the lessor intended to erect a building on the premises, "or shall have disposed of said premises by sale or ground lease," notice of cancellation was properly given where a lessor had entered into a contract of sale of the property, title to remain in him until full payment of the purchase price, the word "sale" including either a present sale or an agreement of sale. *Druxinman v. Smith,* 113 Wash. 124, 193 Pac. 224.

The court having found that the sale to Hayes and his associates was in good faith and that such an executory sale was the kind understood even by appellants, permissible under the lease, the conclusion of law and judgment of dismissal necessarily followed.

The judgment is affirmed.

MILLARD, C. J., BLAKE, MITCHELL, and STEINERT, JJ., concur.