*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                     520133
_____

RICKY LANDON,

                    Respondent,

        v

DUANE AUSTIN,                          MEMORANDUM AND ORDER
                    Appellant,
        and

AUSTIN CONSTRUCTION, INC.,
                    Respondent.
_____


Calendar Date:  April 29, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____


        Costello, Cooney & Fearon, PLLC, Camillus (James J. Gascon
of counsel), for appellant.

        Schlather, Stumbar, Parks & Salk, LLP, Ithaca (David M.
Parks of counsel), for Ricky Landon, respondent.

        Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Kevin E.
Hulslander of counsel), for Austin Construction, Inc.,
respondent.

_____


Devine, J.

        Appeal from an order of the Supreme Court (Mulvey, J.),
entered September 23, 2014 in Tompkins County, which denied
defendant Duane Austin's motion to disqualify the attorneys for
defendant Austin Construction, Inc.

The underlying facts are set out more fully in our prior decisions in this matter, and need not be repeated at length (100 AD3d 1232 [2012]; 88 AD3d 1127 [2011]).  Plaintiff commenced this action to recover for injuries he suffered while performing construction work on a residence owned by defendant Duane Austin. The project also involved equipment owned by, and several employees of, defendant Austin Construction, Inc. (hereinafter ACI).  Austin and his wife are the sole shareholders and officers of ACI, and Austin cross-claimed against ACI for contribution and/or indemnification.

ACI has commercial liability insurance coverage, and its carrier selected Smith, Sovik, Kendrick & Sugnet P.C. (hereinafter SSKS) to provide a defense.  Austin is also entitled to a defense under the terms of his homeowners insurance policy, and a separate law firm was retained to represent him.  Upon the previous appeals in this matter, we determined that plaintiff was entitled to partial summary judgment as to his Labor Law § 240 (1) claim against Austin (88 AD3d at 1128-1129), but that questions of fact regarding "ACI's status as a contractor (or agent) on the day in question" precluded a similar award against it (100 AD3d at 1234).

Approximately three weeks before the trial in this matter was to begin, Austin moved to disqualify SSKS as counsel for ACI. Austin argues that he is the "alter ego" of ACI, and that SSKS is impermissibly placing the interests of ACI's insurance carrier ahead of his stated wishes.  Austin fears that the damages awarded at trial will exceed the liability limits of his homeowners insurance policy and that, should ACI not be held liable, he will be personally responsible for some of the award. He has accordingly argued that he was acting in his corporate capacity in the lead-up to the injury, which would render ACI liable and bring the liability limits of its commercial liability insurance policy into play.  SSKS rejected the demands of Austin that it endorse that strategy, and has instead argued that ACI is not liable because Austin was acting solely in his individual capacity.  Supreme Court denied the motion, prompting this appeal.

We affirm.  Our analysis begins with the observation that any disqualification motion is founded upon "an allegation of a breach of a fiduciary duty owed by the attorney to a current or former client" (Matter of Town & Country Constr. Co. [Sears–Boucher], 160 AD2d 1085, 1086 [1990]).  Although SSKS was retained by the insurer for ACI, "the paramount interest [SSKS] represents is that of [ACI] . . . [and] [t]he insurer is precluded from interference with counsel's independent professional judgments in the conduct of the litigation on behalf of its client" (Feliberty v Damon, 72 NY2d 112, 120 [1988]; see Elacqua v Physicians' Reciprocal Insurers, 52 AD3d 886, 889-890 [2008]; Federal Ins. Co. v North Am. Specialty Ins. Co., 47 AD3d 52, 59 [2007]).  Disqualification is therefore appropriate "where a conflicting interest [between the insurer and insured] may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship" (Matter of Kelly, 23 NY2d 368, 376 [1968]; see Flores v Willard J. Price Assoc., LLC, 20 AD3d 343, 344 [2005]).  A conflicting interest exists, for example, "where the defense attorney's duty to the insured would require that he [or she] defeat liability on any ground and his [or her] duty to the insurer would require that he [or she] defeat liability only upon grounds which would render the insurer liable" (Public Serv. Mut. Ins. Co. v Goldfarb, 53 NY2d 392, 401 n [1981]; see Prashker v United States Guar. Co., 1 NY2d 584, 593 [1956]).

With that backdrop in mind, SKSS has consistently argued that ACI is not liable at all.  While this defense could harm the personal financial interests of Austin if it succeeds, SSKS has never represented Austin in his individual capacity (see Talvy v American Red Cross in Greater N.Y., 205 AD2d 143, 149 [1994], affd 87 NY2d 826 [1995]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.13).  The defense advanced by SSKS clearly furthers the corporate interests of ACI, and the record is devoid of any indication that its actual goal is to recoup funds for the insurer's benefit from ACI or its principals (compare Flores v Willard J. Price Assoc., LLC, 20 AD3d at 345).[1]  In short,

---

[1] While SKSS has plainly acted in furtherance of ACI's interests, Austin has attempted to direct SSKS to take a

because Austin failed to demonstrate the existence of any conflict of interest between ACI and its insurer, Supreme Court did not abuse its discretion in denying his disqualification motion (see Bison Plumbing City v Benderson, 281 AD2d 955, 955 [2001]; Petrossian v Grossman, 219 AD2d 587, 588 [1995]).

We have examined and are wholly unpersuaded by the remainder of Austin's arguments.

Peters, P.J., Garry and Rose, JJ., concur.


ORDERED that the order is affirmed, with one bill of costs.




ENTER:

Robert D. Mayberger
Clerk of the Court

---

litigation position harmful to a corporation of which he is an owner and officer.  SSKS properly viewed those efforts with skepticism, as "every one, dealing with an officer of a corporation who assumes to act for it in matters in which the interests of the corporation and officer are adverse, is put upon inquiry as to the authority and good faith of the officer" (McCloskey v Goldman, 62 Misc 462, 466 [1909]; see Li-Bet Realty Corp. v Wiener, 20 AD2d 691, 692 [1964]; Singer v Strompf, 88 Misc 103, 107 [1914]; see also Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.13 [b]).