Divito v Fiandach (2018 NY Slip Op 02922)





Divito v Fiandach


2018 NY Slip Op 02922


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


167 CA 17-00324

[*1]STEPHEN T. DIVITO, PLAINTIFF-APPELLANT,
v
EDWARD L. FIANDACH, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






STEPHEN T. DIVITO, PLAINTIFF-APPELLANT PRO SE.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered October 14, 2016. The order granted the motion of defendant to dismiss the complaint, denied the motion of plaintiff to disqualify counsel for defendant and denied the motion of plaintiff to strike the affidavit of defendant's expert. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying in part defendant's motion to dismiss the complaint and reinstating the second cause of action and as modified the order is affirmed without costs.
Memorandum: In November 2011, plaintiff was driving 85 miles per hour down Lake Ontario State Parkway with a blood-alcohol level of 0.15, when his vehicle broadsided another vehicle, killing both persons therein. Plaintiff drove away from the scene at high speed and crashed his vehicle, seriously injuring himself and his passenger. The People sought to charge plaintiff with two counts of aggravated vehicular homicide (Penal Law § 125.14) and other crimes for which he faced consecutive terms of incarceration. While in the hospital, plaintiff retained defendant to represent him for a flat fee of $125,000. In October 2012, plaintiff pleaded guilty to, inter alia, vehicular manslaughter in the first degree (§ 125.13) in exchange for a term of incarceration of 5 to 15 years. Thereafter, plaintiff commenced this action to recover the full amount of the retainer.
Plaintiff contends that Supreme Court erred in granting defendant's motion to dismiss the complaint on the grounds of documentary evidence and failure to state a cause of action (see CPLR 3211 [a] [1], [7]). We agree with plaintiff with respect to the second cause of action based upon the alleged unconscionability of the retainer agreement, and we therefore modify the order accordingly. On a motion to dismiss, a court must accept the plaintiff's allegations as true and determine whether they fit into any cognizable legal theory (see Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008]; Matter of Machado v Tanoury, 142 AD3d 1322, 1323 [4th Dept 2016]). Affidavits submitted by a plaintiff may also be considered to remedy any defects in the complaint (see Leon v Martinez, 84 NY2d 83, 88 [1994]). Affidavits submitted by the defendant, however, rarely warrant dismissal of the complaint unless they conclusively establish that plaintiff has no cause of action (see Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]).
"[C]ourts as a matter of public policy give particular scrutiny to fee arrangements between attorneys and clients, casting the burden on attorneys who have drafted the retainer agreements to show that the contracts are fair, reasonable, and fully known and understood by their clients" (Shaw v Manufacturers Hanover Trust Co., 68 NY2d 172, 176 [1986]; see Matter of Lawrence, 24 NY3d 320, 336 [2014]). Such an agreement is deemed to be unconscionable if it is "so grossly unreasonable as to be [unenforceable according to its literal terms] because of an absence of meaningful choice on the part of one of the parties [procedural unconscionability] together with contract terms which are unreasonably favorable to the other party [substantive [*2]unconscionability]" (Lawrence, 11 NY3d at 595 [internal quotation marks omitted]; see Nalezenec v Blue Cross of W. N.Y., 172 AD2d 1004, 1005 [4th Dept 1991]). Procedural unconscionability requires us to examine the formation of the contract for a lack of meaningful choice (see Lawrence, 24 NY3d at 337; Gillman v Chase Manhattan Bank, 73 NY2d 1, 10-11 [1988]). "The most important factor [in determining procedural unconscionability] is whether the client was fully informed upon entering the agreement" (Lawrence, 24 NY3d at 337). Substantive unconscionability may be established if the amount of the attorney's fee is "out of all proportion to the value of the professional services rendered" (id. at 339; see generally Gillman, 73 NY2d at 12).
Accepting as true the allegations in the complaint and the averments in the affidavits submitted in opposition to the motion, we conclude that plaintiff has sufficiently alleged the elements of procedural and substantive unconscionability. As for procedural unconscionability, plaintiff alleged that, before entering into the agreement, he was not informed of the nature of the anticipated charges or the prospects of incarceration, and he was led to believe that defendant would be able to resolve the case without a prison sentence. At the time he entered into the agreement, plaintiff was in the hospital, and defendant was, or was perceived to be, an experienced attorney with unparalleled expertise in defending against cases involving driving while intoxicated. As for substantive unconscionability, plaintiff alleged that defendant's $125,000 fee was at least three times larger than, and thus drastically out of proportion with, fees charged in similar cases. We further conclude that defendant's evidentiary submissions in support of the motion, which included his own affidavit and that of an expert, did not conclusively establish that the agreement was " fair, reasonable, and fully known and understood' " by plaintiff (Lawrence, 24 NY3d at 336; see generally Lawrence, 11 NY3d at 595).
Nevertheless, we reject plaintiff's contention with respect to the remaining causes of action. The first cause of action, alleging breach of fiduciary duty in charging an excessive fee, was based on the same facts and sought the same relief as the unconscionability cause of action, and thus it was properly dismissed as duplicative (see generally Chowaiki & Co. Fine Art Ltd. v Lacher, 115 AD3d 600, 600 [1st Dept 2014]). The 3rd, 4th, 5th, 9th, and 11th causes of action were properly dismissed inasmuch as they were either conclusively refuted by the documentary evidence or failed to state a cause of action (see CPLR 3211 [a] [1], [7]). We note that plaintiff does not contend on appeal that the court erred in dismissing the 6th, 7th, 8th, and 10th causes of action, and thus he has abandoned any such contention (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Plaintiff further contends that the court abused its discretion in denying his motion to disqualify defendant's attorney. More particularly, plaintiff contends that the attorney and law firm representing defendant must be disqualified because plaintiff previously consulted with another attorney at the law firm. We reject that contention. In opposition to the motion, defendant submitted the affidavits of his attorney, the attorney with whom plaintiff previously consulted, and the managing partner of their law firm. Those affidavits establish that the attorney with whom plaintiff consulted had no recollection and kept no notes of the consultation, did not share with defendant's attorney any information that he learned during the consultation, and would not discuss the present action with defendant's attorney in the future. Furthermore, the affidavits establish that the law firm employs screening procedures consistent with the Rules of Professional Conduct and that defendant's attorney would not be sharing any fees with the attorney with whom plaintiff consulted. Thus, the affidavits establish compliance with rule 1.18 of the Rules of Professional Conduct (22 NYCRR 1200.0), and we conclude that the court properly exercised its discretion in denying the motion (see Landon v Austin, 129 AD3d 1282, 1284 [3d Dept 2015]; Jozefik v Jozefik, 89 AD3d 1489, 1490 [4th Dept 2011]).
Plaintiff next contends that the court erred in denying his motion to strike the affidavit of defendant's expert, who is also an attorney, because plaintiff allegedly mailed confidential information to the expert and thereby became a potential client of the expert. We reject that contention inasmuch as it was raised for the first time in plaintiff's reply papers and thus was properly not considered by the court (see Schissler v Athens Assoc., 19 AD3d 979, 980 [3d Dept 2005]).
Contrary to plaintiff's final contention, we conclude that sanctions against defendant are [*3]unwarranted.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court